JUDGE'S COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN L. ROMANSKY,
    Petitioner

    v.

CONNER BLAINE, JR.,
    Respondent

Civil Action No. 1:CV-00-1520

(Chief Judge Rambo)

FILED
HARRISBURG, PA
FEB 09 2001
MARY E. D'ANDREA, CL
Per _____ Deputy Clerk

## PETITIONER'S REPLY TO RESPONDENTS ANSWER

AND NOW, comes your Petitioner, Steven L. Romansky, Pro Se, wherein he files this Reply to Respondents' Answer to Petition for Writ of Habeas Corpus and in support thereof avers as follows:

### Petitioner's Claim A

1. Because the Commonwealth's statement of facts thus far in this case include unsupported argument, fails to mention many of the undisputed facts, and mischaracterizes numerous others Romansky feels that a reply is necessary.

2. The first misleading statement by the Commonwealth that Romansky takes exception to can be found in Commonwealth's Answer under (E) at page 2 and 3. "The testimony of Commonwealth witness Thomas Smithers has not been transcribed Respondent does not deem this testimony relevant."

3. Clearly, all perjued testimony is relevent to the out come of this case. The undisputed fact here is that on April 15, 1998, Judge Robert Conway signed an order directing the Court Reporter to transcribe the testimony of Thomas Smithers, and after numerous letters from Romansky to the Court Reporter that went unanswered, Romansky was forced to proceed with out this testimony. However, at no time would Romansky concede that the false testimony of Thomas Smithers is irrelevant. It's just unavailable to Romansky. Clearly, there can only be one reason for the Commonwealth to conceal evidence and present false testimony, and that is to prevent the jury from learing the truth.

4. The second misleading statement by the Commonwealth that Romansky takes exception to can be found in Commonwealth's Memorandum of law at page 6. "Romansky made admissions against his own interest. These tapes were played to the jury." There is nothing in the Lower Court record to show that Romansky made admissions, or if tapes were played to the jury.

5. In Kyles v. Whitley, 514 U.S. ___, 115 S.Ct. 1555, 131 L.Ed. 2d 490 (1995), the United States Supreme Court noted that once a constitutional error has been found, there is no need for further harmless error review. The Court stated therein "assuming arguendo that a harmless error inquiry were to apply, a Bagley error could not be treated as harmless, since 'a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding

2

would have been different." Kyles, 115 S.Ct. at 1566, 131 L.Ed. 2d at 507.

In addition, the Pennsylvania Supreme Court has indicated that "it is impossible to determine that there is a possibility that the error contributed to the verdict, and at the same time determine that error was harmless. The two findings are mutually exclusive." Commonwealth v. Rodriguez, 533 Pa. 555, 626 A.2d 141, 142 (1993). One of the paramount considerations in determining whether an error is harmless is that it must be "clear beyond a reasonable doubt that the error could not have contributed to the verdict." Rodriguez, supra, 533 Pa. at ___, 626 A.2d at 145. In addition, the Supreme Court has declared that for an error to be harmless "the uncontradicted evidence of guilt must be so overwhelming and the prejudicial evidence so insignificant by comparison, that it is clear beyond a reasonable doubt that the error could not have contributed to the verdict." Commonwealth v. Story, 476 Pa. 391, 406, 383 A.2d 155 (1978).

6.  In the case at bar, even the Commonwealth admits to the constitutional violation, and under Kyles v. Whitley there is no need for further harmless error review. However, assuming arguendo that the concealment of impeachment evidence and false testimony of Russell W. Thomas was harmless error the Commonwealth would have to point to at least some evidence in the record to support this conviction. Quite to the contrary, there is not a

3

scintilla of direct evidence in the record. Romansky made no admissions to the jury and there is no way of telling what tapes the jury may or may not have listen to. In short, there is no record to substantiate a harmless error analysis.

7. Romansky respectfully submits that the deceptive testimony of Russell W. Thomas had an enormous impact on the verdict of this case. Without disclosure of the leniency agreement between the Commonwealth and Mr. Smithers along with the fact that Mr. Smithers had his ass in a sling over arson charges on this Bronco, the jurors were mistakenly led to believe that Mr. Smithers had no personal interest in wearing the body wire. They were further led to believe that Mr. Smithers had no involvement in the alleged crimes, that no criminal charges had been recommended against him, and that he was an untainted grand jury witness.

### Petitioner's Claim B

8. The Commonwealth feels that Romansky's ineffectiveness claim should be dismissed because counsel can not be found ineffective for failing to foresee developments in the law.

9. Contrary, to the Commonwealth's position, 18 P.C.S.A. Section 5704(2)(ii) as quoted in Romansky's Memorandum In Support of Habeas Corpus at 14 has been copied from Purdon's Pennsylvania Consolidated Statutes Annotated with a copyright

date of 1983. Also, it is well recognized that consent is not voluntary where it is the product of coercion or duress, either expressed or implied. <u>Schneckloth v. Bustamonte</u>, Supra, 412 U.S. at 227, 93 S.Ct. at 2047; <u>United States v. Kelly</u>, supra, 708 F.2d at 125; <u>Commonwealth v. Harris</u>, 429 Pa. 215, 219, 239 A.2d 290, 293 (1968); <u>Commonwealth v. Hubbard</u>, Supra, 472 Pa. at 275, 372 A.2d at 694; <u>Commonwealth v. Mamon</u>, Supra, 449 Pa. at 256, 297 A.2d at 495. Thus, the courts must determine in a particular case whether the consent given was so tainted as to render the action involuntary and thus require the suppression of the proferred evidence. <u>Commonwealth v. Clark</u>, 533 A.2d 1376, 1379 (Pa. 1987).

10.  When the Commonwealth seeks to rely upon the consent exception to this section, consent must have been obtained prior to the intercept of each communication; each communication not so consented to will be suppressed. <u>Commonwealth v. Wintrode</u>, 42 Pa. D and C.3d 153 (1983).

11.  In the case at bar, as Romansky has pointed out in his Memorandum In Support of Habeas Corpus at 5 and 6, it was Special Agent Russell W. Thomas who recorded his own voice applying terroristic threats and coercion who latter sait at trial that Mr. Smithers' consent was voluntary. There can be no clearer evidence that Mr. Smithers' consent "was not" voluntary and that Special Agent Russell W. Thomas' testimony was elliptical

5

in order to keep the content of the tapes from the jury, who were not supposed to know of the conspiracy between himself, Deputy Attorney General Gregory B. Abeln and Thomas Smithers to deprive Romansky of a fair trial.

12. Based on the foregoing, the Petitioner, Steven L. Romansky respectfully submits that the State Courts erred in failing to discharge or grant a new trial. The decision of the State Courts is not in accord with applicable decisions of the United States Supreme Court. Accordingly, Romansky request this Honorable Court to accept review of this matter and thereafter award discharge or a new trial.

Respectfully submitted
Steven L. Romansky, Pro Se
175 Progress Drive
Waynesburg, PA 15370-8090

Dated: February 7, 2001

Steve Romansky AY-8324
175 Progress Drive
Waynesburg, PA 15370-8090
February 7, 2001

Clerk's Office, U.S. District Court
228 Walnut Street
P.O. Box 983
Harrisburg, PA 17108

Re: Romansky v. Blaine, 1: cv-00-1520 (Judge, Sylvia H. Rambo)

Dear Clerk:

Enclosed please find the original copy of my Reply To Respondents' Answer. Due to my RHU status and SCI-Greene's policy of no copies or envelopes for indigents I am unable to supply the required number of copies or proof of service. Thank you for your attention and cooperation.

Very truly yours,
Steve Romansky