IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**STEVEN L. ROMANSKY,**

    Petitioner

v.      :      CIVIL NO. 3:CV-00-1520

**CONNER BLAINE, JR.,**      :      (Judge Rambo)

    Respondent

FILED
HARRISBURG, PA
AUG 24 2001
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

**MEMORANDUM**

**Background**

Steven Romansky, an inmate confined at the State Correctional Institution at Greene, in Waynesburg, Pennsylvania ("SCI-Greene") filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on August 24, 2000.[1] (Doc. 1, Petition). Along with his petition, Romansky filed an application to proceed in forma pauperis (Doc. 2, Application) which was granted by court order (Doc. 5) dated January 11,

---

[1] A notice in accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999) was issued on May 29, 2001 (Doc. 10). Petitioner was warned that if he did not choose an option, the court would rule on the petition as filed. Petitioner wrote a letter dated June 4, 2001, to the court seeking "help" regarding his election (Doc. 11). The court via letter dated June 27, 2001 (Doc. 12), informed petitioner that the court could not render legal advice. Petitioner returned the notice of election (Doc. 13) on July 5, 2001 without making an election. Therefore, the court will rule on the petition as filed.

2001. Named as respondent was Conner Blaine, Jr., superintendent of SCI-Greene.

In the instant petition, Romansky raises two grounds for habeas relief: (1) Commonwealth knowingly used false testimony and concealed impeachment evidence; and (2) ineffective assistance of counsel for failure to suppress recordings made in violation of Pennsylvania's Wiretap Act. (Doc. 1, p. 5.) A response to the petition and accompanying memorandum of law was filed on January 31, 2001. (Docs. 7 and 8, Response and Memorandum.) Respondent concedes that Romansky is timely before this court and has exhausted his claims. (Doc. 8, p. 4-5.) A traverse (Doc. 9, Reply) was subsequently filed by petitioner on February

9, 2001. The matter is fully briefed and ripe for consideration.[2] The record reflects the following:

Following a jury trial, petitioner was found guilty of Arson Endangering Property, 18 Pa. Cons. Stat. § 3301(c); Reckless Burning or Exploding, 18 Pa. Cons. Stat. § 3301(d); Causing or Risking Catastrophe, 18 Pa. Cons. Stat. § 3301(b); and Tampering with Evidence, 18 Pa. Cons. Stat. § 4910(1) on September 17, 1986, in the Court of Common Pleas of Wayne County. (Doc. 8, p. 1.) The conviction involved a fire on or about September 25, 1984, in an impoundment where suspected stolen vehicles were being held behind the Pennsylvania State Police Barracks. The most seriously damaged vehicle was a 1979 Ford Bronco, which had been reported stolen and which the police discovered at Romansky's home.

---

[2] By court order (Doc. 14) dated August 6, 2001, respondent was directed to provide the Court with a complete copy of the trial transcript including the trial court's ruling on petitioner's motion to suppress and the tape recordings of the alleged admissions by petitioner. On August 15, 2001, respondent submitted a response (Doc. 15) to the order with a copy of an incomplete transcript and four (4) cassette tapes. Respondent states that the only portions of the Wayne County proceedings which were transcribed was the testimony of Commonwealth witnesses Trooper Walter Moschowsky and Office of Attorney General Agent Russell W. Thomas. (Doc. 15, p. 2, ¶ 2.) Respondent further states that in 1999 the Office of the Attorney General attempted to order a complete transcription of the entire Wayne County trial. The Wayne County Court administrator researched the matter and determined that the original stenographic notes had been destroyed. (Id., ¶ 3.) The cassettes pertained to tape recorded conversations between informant Thomas Smithers and Romansky.

3

Romansky filed post verdict motions on September 25, 1986, seeking an arrest of judgment, and filed supplemental motions on October 3, 1986. The lower court granted Romansky's motion to arrest judgment as to the conviction of Arson Endangering Property, but dismissed the motions seeking an arrest of judgment of the remaining three convictions. (Id.)

On February 10, 1987, petitioner was sentenced to a term of one and a half to four years imprisonment on the charge of Reckless Burning or Exploding; one and a half to four years on the charge of Causing or Risking Catastrophe; and one to two years on the charge of Tampering with Evidence. (Id., p.2.) All of the sentences were imposed consecutively, giving Romansky an aggregate minimum of four years and an aggregate maximum of ten years. Romansky filed a petition for reconsideration of sentence on February 19, 1987, which was denied. (Id.)

Romansky next filed a timely direct appeal with the Superior Court of Pennsylvania. The Superior Court affirmed the judgment of sentence in an order entered November 24, 1987, at No. 00706 Philadelphia 1987. Petitioner did not file a petition for allowance of appeal with the

4

Pennsylvania Supreme Court. However, the claims before this court are not the claims raised on direct appeal. (Id.)

A motion for post conviction relief pursuant to 42 Pa. Cons. Stat. Ann. § 9541, et al. was filed on September 18, 1995. An amended petition was filed January 4, 1999, raising the following claims: (1) whether he was denied the Sixth Amendment right to the effective assistance of counsel by trial counsel's failure to seek suppression of information obtained through an alleged violation of the Commonwealth's Wiretap Act; (2) whether he was denied the Sixth Amendment right to the effective assistance of counsel when counsel failed to seek suppression of evidence obtained though an allegedly illegal entry into Romansky's home; (3) whether he was denied state and federal constitutional rights of due process when the Commonwealth allegedly used false testimony and withheld vital impeachment evidence regarding Commonwealth witness Thomas Smithers; and (4) whether he was denied the effective assistance of counsel by counsel's failure to conduct an independent investigation of Commonwealth witness Thomas Smithers. The court in the Post Conviction Relief Act ("PCRA") petition denied the petition without an evidentiary hearing in an order dated April 28, 1999. (Id., p. 3.)

Romansky filed an appeal in the Pennsylvania Superior Court and raised only two issues: (1) whether the PCRA court erred in concluding that the Commonwealth's knowing use of false testimony and concealment of impeachment evidence did not have a reasonable likelihood of effecting the jury's verdict; and (2) whether the PCRA court erred in concluding that defense counsel was not ineffective for failure to seek suppression of the defendant's tape-recorded statements due to violation of Pennsylvania's wiretap act's voluntary consent requirement. The Superior Court denied relief on December 17, 1999. Commonwealth v. Romansky, slip.op (No. 1538 EDA 1999)(December 17, 1999).

Romansky next sought discretionary review by the Pennsylvania Supreme Court. The Pennsylvania Supreme Court denied further review. Commonwealth v. Romansky, No. 0241 M.D. Alloc. Dkt 2000 (July 25, 2000).

In the instant petition, Romansky contends Deputy Attorney General Abeln allowed agent Thomas to conceal impeachment evidence and commit perjury on the witness stand. (Doc. 1, p. 5.) Petitioner further asserts that trial counsel was ineffective when he failed to file a motion to

6

suppress tape recordings allegedly made in violation of the Pennsylvania Wiretap Act. (Id.)

Romansky states that several years after his conviction and sentence, he uncovered evidence revealing that an investigating grand jury had issued a presentment against Thomas Smithers recommending prosecution in Pike County for the 1979 Ford Bronco that was at issue in this case, and an agreement not to prosecute Smithers in exchange for his cooperation. (Doc. 3, Mem. in Sup. of Pet., p. 3.) A letter of agreement was signed by Smithers, his attorney, and Deputy Attorney General Abeln in January 1986 in which the Office of Attorney General agreed not to charge Smithers in their pending investigation involving vehicle theft and insurance fraud in the northeastern part of Pennsylvania because Smithers' "cooperation and truthful testimony" was important. (Doc. 8, Letter.)

At Romansky's trial, a special agent for the Office of Attorney General, Russell Thomas, testified as to Smithers' agreement to wear a "consentual [sic] interception device," i.e. wiretap. During Abeln's direct examination of Thomas, Thomas testified as follow:

7

> Q: Did the grand jury make recommendations to prosecute individuals involved in an overall–the activities of your investigation? . . .
>
> A: Yes, sir, the grand jury made recommendations to prosecute various individuals.
>
> Q: Was any such recommendation made in regard to Thomas Smithers?
>
> A: None whatsoever.

(Doc. 16, Transcript, p. 116a-7a). Although the testimony was false and based on information not disclosed to defense counsel, Abeln made no attempts to correct the testimony despite knowing it was false.[3]

Petitioner contends that the knowing use of false testimony and failure to disclose impeachment evidence affected the judgment of the jury. Further, Romansky asserts that his trial counsel was ineffective for not seeking a motion to suppress the tapes. Respondent contends that

---

[3]Romansky was prosecuted in Pike County for charges related to the 1979 Ford Bronco at issue in this case as well as two other motor vehicles. Thomas Smithers also was recommended for charges by the investigating grand jury. Smithers was the primary witness for the Commonwealth. Both the letter agreement and indictment at issue in this matter affected the outcome of the Pike County trial. Abeln was also the Deputy Attorney General who prosecuted the Pike County case. The Superior Court of Pennsylvania found that not only did Abeln not reveal the existence of the agreement which he personally signed, but that he allowed Smithers to give false testimony on the stand as to the existence of the agreement. The trial court denied the PCRA petition but the Superior Court granted the appeal and found that a "miscarriage of justice occurred when Commonwealth used false testimony to obtain conviction." See Commonwealth v. Romansky, 702 A.2d 1064 (1997).

8

the testimony of Thomas did not affect the outcome of the trial but that petitioner implicated himself through his own recorded admissions. Respondent also states that trial counsel did file a motion to suppress. Because petitioner has failed to establish that United States Supreme Court precedent requires a contrary outcome to that reached in state court, Romansky's petition for habeas relief will be denied.

## Discussion

### A. Standard of Review

Title 28 U.S.C. § 2254(d) provides that federal habeas relief shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim involved an unreasonable determination of the facts in light of the evidence presented or "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254 (d) (1).

Recently, the United States Court of Appeals for the Third Circuit addressed the issue of what analysis district courts should employ in

9

addressing § 2254 petitions under the Antiterrorism and Effective Death Penalty Act (AEDPA). Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 879 (3d Cir.) cert. denied 528 U.S. 824 (1999). The Court held that the AEDPA requires a two part inquiry, first it must be determined that the challenged state court decision was contrary to clearly established federal law as determined by the United States Supreme Court. Second, if it was not, the reviewing federal court "must evaluate whether the state court judgment rests upon an objectively unreasonable application of clearly established Supreme Court jurisprudence." Id. Consequently, a petitioner must establish that Supreme Court precedent requires a contrary outcome to that reached in state court. Id. at 888.

### B.  False Testimony/Impeachment Evidence

Generally, there may be two (2) kinds of constitutional error at a criminal trial: structural error and trial error. A structural error, such as denial of counsel, affects the entire trial such that " 'a criminal trial cannot reliably serve its function as a vehicle for the determination of guilt or innocence, and no criminal punishment may be regarded as fundamentally fair.' " Arizona v. Fulminante, 499 U.S. 279, 310 (1991) (citation omitted). A trial error, such as knowingly using false testimony, is made "during the

10

presentation of the case to the jury, and which may therefore be quantitatively assessed in the context of other evidence presented in order to determine whether its admission was harmless . . . ." Id. at 307-08. Trial error, not structural error, can be harmless. Fulminante, 499 U.S. at 310. The harmlessness determination is made in the context of all the other evidence. Hasting, 461 U.S. at 509.

The holding in Brady v. Maryland, 373 U.S. 83 (1963), requires disclosure only of evidence that is both favorable to the accused and "material either to guilt or to punishment." United States v. Bagley, 473 U.S. 667, 674 (1985) (quoting Brady, 373 U.S., at 87.) The Brady rule is based on the requirement of due process. "Its purpose is not to displace the adversary system as the primary means by which truth is uncovered, but to ensure that a miscarriage of justice does not occur." Bagley, 373 U.S., at 675.

In Bagley, the prosecutor failed to disclose evidence that the defense might have used to impeach the Government's witnesses by showing bias or interest, which is similar to the circumstances before this Court. Impeachment evidence falls within the Brady rule. Id.; see Giglio v.

11

United States, 405 U.S. 150 (1972)[4]; Napue v. Illinois, 360 U.S. 264 (1959) ("The jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence, and it is upon such subtle factors as the possible interest of the witness in testifying falsely that a defendant's life or liberty may depend.").

In cases subsequent to Brady, the Supreme Court identified three situations involving the discovery, after trial, of information, which had been known to the prosecution but unknown to the defense. U.S. v. Agurs, 427 U.S. 97 (1976). The distinction depended on whether there was "no request," a "general request," or a "specific request" by the defense for evidence which the prosecution failed to disclose. Bagley, 473 U.S., at 682. The Court in Bagley did away with any distinction and found the "evidence is material only if there is a reasonable probability that, had

---

[4] In Giglio, the Government also failed to disclose impeachment evidence similar to the evidence at issue in the present case, that is, a promise made to the key Government witness that he would not be prosecuted if he testified for the Government. The Supreme Court found that "[w]hen the 'reliability of a given witness may well be determinative of guilt or innocence, nondisclosure of evidence affecting credibility falls within th[e] general rule [of Brady]. We do not, however, automatically require a new trial whenever 'a combing of the prosecutors' files after the trial has disclosed evidence possibly useful to the defense but not likely to have changed the verdict . . . .' A finding of materiality of the evidence is required under Brady . . . . A new trial is required if 'the false testimony could . . . in any reasonable likelihood have affected the judgment of the jury . . . .'" 405 U.S., at 154 (citations omitted).

12

the evidence been disclosed to the defense, the result of the proceeding would have been different." A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. Id.

Although the majority opinion of the Superior Court of Pennsylvania misapplied the standard of materiality, the court, nonetheless, reached the appropriate decision.[5] Federal habeas precludes relief when the decision under review comports with clearly established federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362 (2000). Although it is reprehensible that Deputy Attorney General Abeln did not turn over impeachment discovery to the defense and knowingly allowed false testimony not just once but in two trials, the testimony of Thomas did not undermine the confidence of the verdict; Romansky implicated himself through his own recorded admissions.[6] Romansky is not entitled to habeas relief merely because

---

[5] In Romansky's case, the majority of the panel found the challenged testimony "material," but harmless. A finding of materiality would have required a different result under clearly established federal law as determined by the United States Supreme Court. The concurring opinion, applying the definition of materiality as set out in Kyles v. Whitley, 514 U.S. 419 (1995), reached the same ultimate decision as did the majority panel, i.e. the challenged testimony did not undermine confidence in the verdict.

[6] The facts in this case are different from the circumstances in the Pike County case. In Pike County, the outcome depended on the credibility of Smithers versus Romansky. The fact Smither lied on the stand and actually had an agreement with the Commonwealth

13

the majority panel of the Superior Court defined "material" in a manner at odds with clearly established Supreme Court precedent. The ultimate decision reached by the panel and the concurring opinion is the same and comports with clearly established Supreme Court precedent; namely, that the challenged testimony did not undermine confidence in the verdict and that no relief is required. Accordingly, petitioner's first claim for habeas relief will be denied.

### C.   Ineffective Assistance of Counsel

The United States Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668, 684, <u>reh'g denied</u>, 467 U.S. 1267 (1984), held that the test for judging any claim of ineffectiveness of counsel is whether the counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. The Court developed a two-prong test requiring the defendant to show that: (1) counsel's performance was deficient and, (2) the deficient performance prejudiced the defense. Prejudice has been defined as a "showing that counsel's errors were so serious as to deprive the defendant of a fair trial,

---

was material.   In the instant case, Romansky implicated himself through his own recorded admissions.

14

a trial whose result is reliable." Id. at 687. See also Frey v. Fulcomer, 974 F.2d 348, 358 ( 3d Cir.1992), cert. denied, 507 U.S. 954 (1993) ("[A] petitioner must demonstrate a reasonable probability that, but for the unprofessional errors, the result would have been different . . .").

In order to establish ineffective assistance under Strickland, a habeas petitioner must "show that his attorney's representation fell below an objective standard of reasonableness" and "any prejudice which appears prejudiced the defense." Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir.), cert. denied, 512 U.S. 1230 (1994). In Deputy, the Third Circuit also noted that it was not bound by any state court determinations as to a counsel's performance. Id. at 1494.

Petitioner alleges ineffective assistance of trial counsel for failure to move to suppress evidence obtained through alleged violation of Pennsylvania's Wiretap Act section. In affirming the denial of post conviction relief, the Superior Court found that on May 23, 1986, Romansky's trial counsel did file a motion to suppress evidence obtained through recordings of conversations between Thomas Smithers and Romansky. The Court further noted that although the record does not indicate a disposition of the motion, the trial court's opinion fully addressed

15

the suppression issue set forth by trial counsel and the reason for its denial. Commonwealth v. Romansky, slip op, (No. 1538 EDA 1999) (Dec. 17, 1999).

A presumption of correctness attaches to state court findings. 28 U.S.C. §2254(e)(1); Todaro v. Fulcomer, 944 F.2d 1079 (3d Cir. 1991). After reviewing the record, this Court finds that trial counsel's representation did not fall below an objective standard of reasonableness. Romansky may not have obtained the result he hoped, but trial counsel did take the steps that Romansky claims he failed to do. As required under Strickland, Romansky has simply not satisfied his burden of showing that if not for the purported ineffective assistance, the result of his trial would have been different. Therefore, Romansky's second claim is also denied.

### D.     **Conclusion**

Petitioner has failed to establish that United States Supreme Court precedent requires a contrary outcome to that reached in state court regarding his two claims before this Court. Accordingly, Romansky's petition for writ of habeas will be denied. An appropriate order will be issued.

SYLVIA H. RAMBO
United States District Judge

Dated: August 24, 2001.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

Re:  1:00-cv-01520    Romansky v. Blaine

True and correct copies of the attached were mailed by the clerk to the following:

    Steven L. Romansky AY-8324
    SCI-GREENE
    1030 East Roy Furman Highway
    Waynesburg, PA  15370-8089

    Andrea F. McKenna, Esq.
    Office of the Attorney General
    Strawberry Sq. 16th Floor
    Harrisburg, PA  17120    Fax No.: 717-787-6346

cc:
Judge                        (X )            (X ) Pro Se Law Clerk
Magistrate Judge             ( )             ( ) INS
U.S. Marshal                 ( )             ( ) Jury Clerk
Probation                    ( )
U.S. Attorney                ( )
Atty. for Deft.              ( )
Defendant                    ( )
Warden                       ( )
Bureau of Prisons            ( )
Ct Reporter                  ( )
Ctroom Deputy                ( )
Orig-Security                ( )
Federal Public Defender      ( )
Standard Order 93-5          ( )
Bankruptcy Court             ( )
Other_____    ( )

                                            MARY E. D'ANDREA, Clerk

DATE: August 24th, 2001                     BY: _____
                                                Deputy Clerk