IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEVEN L. ROMANSKY,** | : | |
| | : | |
| Petitioner | : | **CIVIL NO. 3:CV-00-1520** |
| | : | |
| v. | : | **(Judge Rambo)** |
| | : | |
| **CONNER BLAINE, JR.,** | : | |
| | : | |
| Respondent | : | |

# **M E M O R A N D U M**

## I.  **Background**

Steven Romansky, an inmate at the State Correctional Institution-Greene in Waynesburg, Pennsylvania, commenced this action with a petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2254.  Romansky claims (1) ineffective assistance of trial counsel for failing to suppress evidence, and (2) the prosecution did not disclose impeachment evidence (immunity agreement with an inculpatory witness) which may have affected the outcome of his trial.  Thereafter, Respondent filed an answer and memorandum in opposition to the habeas petition, and Petitioner filed a traverse.  Respondent also filed four (4) audiotapes (Doc. 17) of alleged admissions by Petitioner, in compliance with this court's order dated August 6, 2001 (Doc. 14).

By order dated August 24, 2001, this court denied relief on the petition, and Petitioner filed an appeal to the United States Court of Appeals for the Third Circuit. The Third Circuit granted a certificate of appealability (Doc. 29), and by order dated January 6, 2005 (Doc. 31), the Third Circuit granted Petitioner's motion for remand, "without prejudice to Petitioner's filing a motion to amend the habeas petition to allow additional claims based upon the audiotape evidence." (Doc. 31 at 2.) The Third Circuit also noted that Petitioner's motion for remand was to "allow augmentation of the record and for an opportunity to make a showing of entitlement to amend his petition for relief pursuant to 28 U.S.C. § 2254." (*Id.* at 2 n.1.)

On remand, this court entered an order (Doc. 32) granting Petitioner thirty (30) days from the date of the order to supplement the record. In the order, the court further permitted Petitioner leave to file a motion to amend the habeas petition, adding claims based upon the audiotape evidence previously submitted in the record (*See* Doc. 17), within fifteen (15) days from the date of submission of the supplemental materials.

Thereafter, Petitioner sent correspondence (Doc. 34) to the court, advising that "Mary Gibbons, Esq. stated that she would be willing to [represent Petitioner] . . . [and he] respectfully request[s] that this Honorable Court will allow Ms. Gibbons to continue her representation . . . ." (*Id.* at 1.) Further, Petitioner advised the court that the Department of Corrections had lost the audiotapes at issue, and he requests

another copy of the tapes and an enlargement of time to supplement the record pursuant to the court's prior order (Doc. 31).  Petitioner then sent another letter (Doc. 35) to the court, inquiring "whether the Court has appointed Ms. Gibbons [as Petitioner's counsel] . . . [and whether the court had issued] an order upon the Attorney General's Office to send . . . another set of tapes."  (*Id.* At 1.)   Together, these letters (Docs. 34 and 35) will be construed as a motion for appointment of counsel, a motion to produce replacement copies of the audiotapes (Doc. 17) for Petitioner's review, and a motion for enlargement of time to supplement the record.  For the reasons set forth, the motion for appointment of counsel will be denied, and the motion to produce replacement audiotapes and the motion for enlargement to supplement the record will be granted.

**II.**     **Discussion**

    **A.  Appointment of Counsel**

Although prisoners have no constitutional or statutory rights to appointment of counsel in federal habeas corpus proceedings, *Coleman v. Thompson*, 501 U.S. 772, 752 (1991), the court has broad discretionary power to appoint counsel to a financially eligible habeas petitioner if "the interests of justice so require . . ." *See* 18 U.S.C. §

3006A(a)(2);[1] *see also Montgomery v. Pinchak,* 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)); *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991).

In *Tabron*, the Third Circuit developed a list of criteria to aid the district courts in weighing the appointment of counsel for indigent civil litigants. As a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law. *Tabron,* 6 F.3d at 155. If a claimant overcomes this threshold hurdle, the Third Circuit identified a number of factors that a court should consider when assessing a claimant's request for counsel. These include (1) the claimant's ability to present his own case, (2) the difficulty of the particular legal issues, (3) the degree to which factual investigation will be necessary and the ability of the claimant to pursue investigation, (4) the claimant's capacity to retain counsel on his own behalf, (5) the extent to which the case is likely to turn on credibility determinations, and (6) whether the case will require testimony from expert witnesses. *Id.* at 155-57. Furthermore, the appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and

---

1. Any person seeking relief under 28 U.S.C. §§ 2241, 2254 or 2255 may be provided counsel, "whenever the United States magistrate or the court determines that the interests of justice so require" and such person is "financially eligible." 18 U.S.C. § 3006A(a)(2) (1996).

legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

Initially, the court notes that it will not appoint specific counsel (Mary Gibbons);however, Ms. Gibbons may enter an appearance on behalf of Petitioner if she is willing.  Moreover, although Petitioner is not required to submit a brief in support of his motion (*See* M.D.Pa. L.R. 7.5 (c)), his letters fail to set forth circumstances to warrant appointment of counsel.  Assuming, solely for the purpose of deciding this motion, that the petition has arguable merit, Petitioner has not demonstrated that he is incapable of presenting comprehensible arguments.  The petition and memorandum in support are legibly written, Petitioner presented understandable arguments in support of relief, he has cited ostensibly relevant statutory and judicial authority, and investigation of the facts does not seem beyond the capabilities of this Petitioner.  Moreover, the legal issues are relatively uncomplicated, it appears that there will be no need for expert testimony, and the court cannot say, at least at this point, that Petitioner will suffer prejudice if he is forced to prosecute this case on his own. Furthermore, this court's liberal construction of *pro se* pleadings mitigates against the appointment of counsel. *Haines v. Kerner*, 404 U.S. 519 (1972). Therefore, the motion for appointment of counsel will be denied.

### B. Replacement Audiotapes and Enlargement of Time

Petitioner also requests replacement copies of the audiotapes (Doc. 17) at issue, because the Department of Corrections has lost the previous copies. Although copies of the tapes have been provided to Petitioner previously, they have been lost by the Department of Corrections, through no fault of Petitioner. Since the tapes are pivotal to further proceedings in this action, the court will grant Petitioner's request, and Respondent will be directed to provide duplicate copies of the audiotapes (Doc. 17). Moreover, Petitioner will be permitted an enlargement of time to supplement the record, after he has received the new tapes.

### III. Conclusion

Based the foregoing discussion the court will deny Petitioner's request that the court appoint counsel. The court will grant Petitioner's request that he be provided with duplicate copies of the relevant audiotapes and that he be granted an enlargement of time to supplement the record. An appropriate order will issue.

                                                    S/Sylvia H. Rambo
                                                    SYLVIA H. RAMBO
                                                    United States District Judge

Dated: April 18, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STEVEN L. ROMANSKY,** : | |
| : | |
| **Petitioner** : | **CIVIL NO. 3:CV-00-1520** |
| : | |
| v. : | **(Judge Rambo)** |
| : | |
| **CONNER BLAINE, JR.,** : | |
| : | |
| **Respondent** : | |

# O R D E R

In accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1) Petitioner's motions for appointment of counsel (Docs. 34 and 35) are **DENIED**. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either by the court on its own initiative or upon a motion properly filed by the Petitioner.

2) Respondent shall provide to Petitioner a copy of the audiotapes (Doc. 17) at issue, as well as any transcripts of such tapes, within ten (10) days of the date of this order.

3) Petitioner shall have forty (40) days from the date of this order to supplement the record.

4) Within fifteen (15) days from the date of submission of supplemental materials, Petitioner may file a motion for leave to amend his habeas petition to allow additional claims based upon the audiotape evidence.

                                                  S/Sylvia H. Rambo  
                                                  SYLVIA H. RAMBO  
                                                  United States District Judge

Dated:  April 18, 2005.