**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN L. ROMANSKY,

    Petitioner

    v.

CONNER BLAINE, JR.,

    Respondent

CIVIL NO. 1:00-CV-1520

(Judge Rambo)

FILED
HARRISBURG, PA
MAY 25 2005
MARY E. D'ANDREA, CLERK
Per _____

MOTION FOR ENLARGEMENT OF TIME TO
SUPPLEMENT THE RECORD BASED ON NEW
AUDIOTAPES AND EVIDENTIARY
HEARING THEREON

    Petitioner Steven L. Romansky, files this Motion For Enlargement of Time To Supplement The Record Based on New Audiotapes And Evidentiary Hearing Thereon and in support thereof, avers as follows:

    A. Enlargement of Time.

    1. On April 18, 2005, this Honorable Court issued an Order directing Respondent to provide Petitioner copies of four (4) audiotapes and transcripts within ten (10) days of its Order.

    2. Petitioner was given Forty (40) days from the date of the Courts Order to supplement the record.

    3. On April 27, 2005, Petitioner received the four (4) audiotapes and transcript from Captain John Kingston with a Radio Shack tape player. However, the tape player proved to

be defective and Petitioner was provided with a Pansonic tape player on April 29, 2005.

4. Petitioner immediately started transcribing and compiled 227 pages of transcript which was reduced to 191 pages.

5. On May 19, 2005, Petitioner mailed the first complete handwritten copy of the tape transcript to Jeremy A. Haugh, Esquire, due to the fact that on March 3, 2005, the Honorable Joseph F. Kameen, President Judge, Court of Common Pleas of Pike County issued an Order upon the Respondents to provide the four (4) audiotapes for Petitioner's Pike County case at No. 190-Criminal-1985.

6. Under SCI-Greene's indigent policy Petitioner is issued a maximum of one hundred sheets of paper per month and ten dollars for postage and copies. However, for some unknown reason legal size envelopes for mailing are not provided.

7. Due to the fact that it takes Petitioner between ten and fifteen days to handwrite one copy of this transcript and needs to make several more copies Petitioner has requested copies from the original sent to Attorney Haugh. However, he is under no obligation to do so.

8. Petitioner has also requested extra paper from staff here at SCI-Greene in order to handwrite more copies. This request has been pending since May 1, 2005, with no response as of this writing.

9. In light of the fact that transcripts of these four (4) tapes are pivotal to further proceedings in this action and the only method of reproducing copies is by handwriting Petitioner requests what the Court would consider a reasonable enlargement of time under the circumstances.

B. Evidentiary Hearing

10. The four (4) audiotapes at issue here contain conversations

2

between Petitioner and Thomas Smithers. However, the tapes are not the same as the first set of tapes provided to Petitioner. The transcript provided is either deliberately or accidentally misleading, due to the fact it has Petitioner making statements that Smithers made and Smithers making statements that Petitioner made and the transcript is less than one third of the tape conversations.

11. What the tapes do reveal is the fact that the Respondents are still withholding other tapes and exculpatory evidence. Officer William E. O'Connoll clearly states that he is placing a "Body Transmitter" on the body of Thomas E. Smithers and a "Nagra Recorder" in the vehicle belonging to Thomas E. Smithers. Thus, the conversation between Petitioner and Smithers outside the car was indeed recorded and not provided to Petitioner.

12. The tapes make clear that the right to counsel had already attached. In fact there are several conversations about the grand jury, hearing, arraignment and trial.

13. The tapes make clear that Special Agent Russell W. Thomas made false statements on his affidavit of probable cause.

14. The investigation report discussed on the tape and not turned over to Petitioner clearly states that there was two people involved at the scene and paint cans were found and not bondo cans as the jury was lead to believe.

15. The dates, receipts, pictures and the highlights of the investigation discussed on tape have to this day not been turned over to Petitioner.

16. In light of the fact that this is the second time this case is in front of the Court and despite numerous attempts to obtain all the exculpatory evidence in this case the Respondents still continue to hold back the above stated evidence.

17. At this juncture Petitioner finds it impossible to comprehend why the transcript has been altered, and the Respondents continue to violate the requirements of Brady

and impede Petitioner from raising all his claims.

WHEREFORE, Petitioner, Steven L. Romansky, respectfully requests this Honorable Court for an enlargement of time to handwrite the necessary number of copies of the transcript; schedule an evidentiary hearing to ascertain if the transcript was deliberately altered and why the Respondent's are still holding exculpatory evidence and grant any other such further relief as this Honorable Court deems necessary and just.

Respectfully submitted,

Steven L. Romansky
175 Progress Drive
Waynesburg, PA 15370-8090

Dated: May 20, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN L. ROMANSKY,

    Petitioner    :  CIVIL NO. 1:00-CV-1520

v.    :  (Judge Rambo)

CONNER BLAINE, JR.,

    Respondent

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2005, I placed in the United States Mail, Petitioner's Motion For Enlargement of Time To Supplement The Record Based on New Audio tapes And Evidentiary Hearing Thereon, served upon the person and in the manner indicated below, which service satisfies the requirements of F.R. Civ. P. 5.

Service by first class mail addressed as follows:

    Andrea F. McKenna, Esquire
    Senior Deputy Attorney General
    Appeals and Legal Services
    16th Floor, Strawberry Square
    Harrisburg, PA 17120

                        _Steven L. Romansky_

Steve Romansky AY-8324
175 Progress Drive
Waynesburg, PA 15370-8090
May 20, 2005

Office of The Clerk
United States District Court
Middle District of Pennsylvania
U.S. Courthouse
228 Walnut Street
P.O. Box 983
Harrisburg, PA 17108

Re: Romansky v. Blaine, No. 1:00-CV-1520 (Rambo)

Dear Clerk:

   Enclosed for filing in the above captioned case you will find Petitioner's Motion For Enlargement of Time To Supplement The Record Based on New Audio Tapes And Evidentiary Hearing Thereon. Thank you for your attention and cooperation.

                                        Sincerely,
                                        Steve Romansky





Office of The Clerk
United States District Court
Middle District of Pennsylvania
U.S. Courthouse
228 Walnut Street
P.O. Box 983
Harrisburg, PA 17108

State Correctional Institution at Greene
Inmate Name: Steve Rosansky
DOC Number: AY-8124
175 Progress Drive
Waynesburg, PA 15370-8090