IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN L. ROMANSKY

      Petitioner,    :    CIVIL No. 1:00-CV-01520

      v.

CONNER BLAINE, JR.

      Respondent.

**FILED**
HARRISBURG. PA

SEP 06 2005

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

PETITION FOR WRIT OF HABEAS CORPUS


Petitioner Steven L. Romansky, pro se, pursuant to 28 U.S.C. Section 2254, petitions this Honorable Court to grant him a Writ of Habeas Corpus, and states:

1. Petitioner Steven L. Romansky is a citizen of the State of Pennsylvania, currently domiciled in Greene County Pennsylvania.

2. Petitioner is currently being held as a prisoner at the State Prison of Greene County Pennsylvania, as prisoner number AY-8324. Greene County is a state prison operated by the State of Pennsylvania.

3. Respondent Conner Blaine, Jr. was the Superintendent of the State Prison of Greene County Pennsylvania on August 25, 2000, the original filing date of the within 28 U.S.C. Section 2254 petition.

4. Petitioner is being held pursuant to three different Pennsylvania courts of common pleas, those of Wayne County, Monroe County and Pike County. The three convictions and sentences of imprisonment were entered in the following order. (Wayne County, No. 42-1986-Criminal) on September 17, 1986, Petitioner was convicted by a jury of arson, 18 Pa. C.S.A. sec. 3301(c), reckless burning or exploding, 18 Pa. C.S.A. sec. 3301(b), causing or risking catastrophe, 18 Pa. C.S.A. sec. 3302, and tampering with evidence, 18 Pa. C.S.A. sec. 4910(1). The court subsequenty granted Petitioner's motion in arrest of judgment as to the arson conviction. Petitioner was sentenced on February 10, 1987, to an aggregate term of 4 to 10 years imprisonment. (Monroe County, No. 542-1986-Criminal) On November 10, 1986, Petitioner was convicted by a jury of arson, 18 Pa. C.S.A. sec. 3301. Petitioner was sentenced on March 26, 1987, to a consective term of 3 to 6 years imprisonment. (Pike County, No. 190-1985-Criminal) On May 6, 1987, Petitioner was convicted by a jury of receiving stolen property, 18 Pa. C.S.A. sec. 3925 (two counts), removal of falsification of indentification numbers, 75 Pa. C.S.A. sec. 7102(b)(two counts), dealing in vehicles with removed or falsified numbers, 75 Pa. C.S.A. sec. 7103(b)(two counts), dealing in titles and plates for stolen vehicles, 75 Pa. C.S.A. sec. 7111, and conspiracy, 18 Pa. C.S.A. sec. 903. Petitioner was sentenced on December 17, 1987, to a consective term of 9 to 18 years imprisonment. This conviction was vacated in part by the Pennsylvania Superior Court. Commonwealth v. Romansky, 702 A.2d 1064 (Pa. Super. 1997). Petitioner was retried on January 11, 2000, and found guilty on charges pertaining to a 1979 Ford Bronco and sentenced to the same 9 to 18 years on March 2, 2000. Petitioner's sentences in his three cases have been aggregated to a term of 16 to 34 years, and

the minimum aggregated sentence expiration was February 15, 2002, and the maximum aggregated sentence expiration is February 15, 2020.

5.   The convictions and sentences under which Petitioner is imprisoned are unlawful and void because of multiple violations of Petitioner's right to due process of law guaranteed by the Fourteenth Amendment to the Constitution of the United States, violations of the right to due process of law protected by the Fifth Amendment, and violations of compulsory process protected by the Sixth Amendment. These violations are not mere irregularities, but are major constitutional violations which cast significant doubt on the fairness of Petitioner's trial and, more importantly, call into question the reliability of the verdicts.

6.   In this petition Petitioner is attacking his Wayne County conviction of recklessly burning or exploding, 18 Pa. C.S.A. sec. 3301(b); causing or risking a catastrophe, 18 Pa. C.S.A. sec. 3302; and tampering with evidence, 18 Pa. C.S.A. sec. 4910(1). This conviction was obtained from the act of an attempted fire to a 1979 Ford Bronco for which co-defendant Thomas E. Smithers was indicted by the grand jury on May 15, 1985. The conviction was based entirely upon selected excerpts of surreptitious recordings made by the Commonwealth's use of Mr. Smithers wearing of a body wire between December 1985 and January 1986, well after the right to counsel had attached. The inexplicable failure of the Commonwealth to provide Petitioner with the four (4) cassette tapes recently turned over by order of this Court dated April 18, 2005, reveals that Mr. Smithers had his ass in a sling over arson charges and an innocent man was convicted.

7.   Petitioner was denied his right to present a defense to

criminal charges under due process and compulsory process when the prosecutor violated discovery by withholding the four (4) audiotapes. The excluded relevant, admissible evidence that Mr. Smithers was indicted by the grand jury, had a deal with the prosecutor, and admits to having his ass in a sling over this arson was withheld solely to mislead the jurors. The jurors could not possibly make a fair determination of who committed the arson while remaining ignorant of the four (4) audiotapes withheld by the Commonwealth that clearly exonerate Petitioner due to the fact that not one single utterance made by Petitioner can fit the facts of the case as it was presented to the jury.

8.   Petitioner has exhausted all state remedies available as to the issues raised herein, by taking the following steps.

   a)  Petitioner was provided the four (4) audiotapes for the first time pursuant to the March 7, 2002, Order of the Third Circuit Court of Appeals at No. 01-3529.

   b)  Petitioner acting pro se filed a second PCRA with the Court of Common Pleas of Wayne County at No. 42-1986-Criminal on April 10, 2002, which was denied by the Honorable Robert J. Conway on July 10, 2002.

   c)  Petitioner timely filed his Notice of Appeal with the Pennsylvania Superior Court at No. 2478 EDA 2002 which affirmed the judgment of the Lower Court. Commonwealth v. Romansky, 823 A.2d 1029 (Pa. Super. 2003) on March 24, 2003.

   d)  Petitioner appealed to the Pennsylvania Supreme Court, and was denied by that court. Commonwealth v. Romansky, 574 Pa. 753, 830 A.2d 975 (Pa. 2003) on August 26, 2003.

   e)  After it was agreed upon by the parties that Petitioner was in custody at the time he filed his habeas petition the Third Circuit Court of Appeals remanded for

proceedings to supplement the record by order dated January 6, 2005.

f) Due to the fact that the DOC lost the audiotapes this Honorable Court issued an order dated April 18, 2005, that Respondent shall provide Petitioner a copy of the audiotapes.

9. There is no previous Petition or Appeal now pending in any court.

10. Petitioner is serving two other sentences other than the complained of herein. Petitioner is facing future sentences.

11. This Court has jurisdiction over this Petition and the issues raised pursuant to 28 U.S.C. sec. 2254, because Petitioner is being held in violation of the Constitution and laws of the United States.

12. Petitioner incorporates by reference the Brief in Support of Petition for Habeas Corpus.

WHEREFORE, Petitioner Steven L. Romansky moves this Honorable Court to grant the following relief:

a) Accepting jurisdiction over this case;

b) Require the Respondent to answer the allegations in this Petition and the Brief in Support.

c) Hold such evidentiary hearing as the Court may deem necessary or appropriate;

d) Issue an Order that this Court will grant a Writ of Habeas Corpus unless the State holds a new trial within a specified time; and

e) Issue a Writ of Habeas Corpus freeing Petitioner from his unconstitutional confinement.

Respectfully submitted,
Steven L. Romansky
115 Progress Drive
Waynesburg, PA 15370-8090

Dated: September 2, 2005

5

## CERTIFICATE OF PRO SE COUNSEL

Steven L. Romansky, pro se, hereby certifies that the statements of fact in the accompanying Petition and Brief are true to his knowledge, and that statements made on information and belief are true to the best of his knowledge and belief.

Respectfully Submitted
Steven L. Romansky
175 Progress Drive
Waynesburg, PA 15370-8090

Dated: September 2, 2005

Steve Romansky AY-8324
175 Progress Drive
Waynesburg, PA 15370-8090
September 2, 2005

Office of the Clerk
United States District Court
Middle District of Pennsylvania
United States Courthouse
228 Walnut Street
P.O. Box 983
Harrisburg, PA 17108

Re: Romansky v. Blaine, No. 1:00-CV-1520 (Rambo)

Dear Clerk:

     Enclosed for filing in the above-captioned case you will
find Petitioner's Writ of Habeas Corpus, Brief in Support
and Exhibits A through E.    I apologize for not stapling
anything, however, I'm told that the stapler is broken.
Thank you for your attention and cooperation.

                              Sincerely,

                              Steve Romansky



$ 05.30⁰
02 1A
0004377075    SEP 02 2005
MAILED FROM ZIP CODE 15370

Office of the Clerk
United States District Court
Middle District of Pennsylvania
United States Courthouse
228 Walnut Street
P.O. Box 983
Harrisburg, PA 17108



PRIORITY
MAIL
UNITED STATES POSTAL SERVICE®

LABEL107R, OCT 1997

www.usps.gov

Steve Romansky AY-8324
175 Progress Drive
Waynesburg, PA 15370-8090