IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN L. ROMANSKY,

  Petitioner,  : CIVIL NO. 1:00-CV-01520

v.  : (Judge Rambo)

CONNER BLAINE, JR.,

  Respondent.

FILED
HARRISBURG, PA
NOV 15 2005
MARY E. D'ANDREA, CLERK
per ___

BRIEF IN SUPPORT OF MOTION FOR LEAVE
TO FILE AMENDED HABEAS CORPUS

PLEASE TAKE NOTICE, that Petitioner/Appellant STEVEN L. ROMANSKY, hereby moves this Court for an Order granting leave to file an amended petition for the purpose of:

(a) augumenting the record with a transcript of the complete contents of the four tape recordings which were produced to Petitioner by the Commonwealth only after the conclusion of this Court's proceedings pursuant to the March 7, 2002 Order of the Third Circuit Court of Appeals. Such transcript is essential to this Court's review of a prior holding that the Commonwealth's reprehensible knowing use of perjured testimony did not undermine confidence in the verdict; and

(b) the opportunity to seek leave to Supplement and/or amend the Petition for Relief Pursuant to 28 U.S.C. Section 2254, and the evidence in support thereof, to reflect the

information which became available to Petitioner only upon the release of these four tape recordings, including additional arguments under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *Napue v. Illinois*, 363 U.S. 264 (1959) and their progeny. In addition, the dates of the tape recordings indicates a Sixth Amendment violation that pervades the entire state court proceedings under the rule of *Massiah v. United States*, 377 U.S. 201 (1964) and a violation of the Pennsylvania Wiretap Act under 18 Pa. C.S.A. Section 5704(2)(ii).

## MEMORANDUM OF POINTS AND AUTHORITIES

### Introduction

This case arises from Petitioner's 1987 conviction, in Wayne County, Pennsylvania, of reckless burning or exploding, causing or risking catastrophe and tampering with evidence. The charges arose from a fire at an impound area near a Pennsylvania State Police Barracks where vehicles were being held.

The four audiotapes at issue here contain conversations between Petitioner and Thomas Smithers prior to Petitioner's arrest and trial. The conversations concerned circumstances surrounding these offenses. Smithers received immunity in exchange for this co-operation, and his immunity agreement specifically required his making "continuing consensual interceptions with Petitioner." Had the tapes been disclosed in compliance with *Brady v. Maryland*, 373 U.S. 83 (1963), they would have been significant impeachment evidence at trial. Furthermore, they would have exposed Smithers'

2

incentive to obtain an immunity agreement, and possibly given lie to the false testimony in the Commonwealth's case which suggested that he was not involved in any criminal activity.

Although a grand jury did recommend prosecution of Smithers, he was not prosecuted in light of the immunity agreement. The agreement was not disclosed to the defense, the taped conversations made pursuant to the agreement were not produced to the defense and the very same prosecuting attorney who entered into the immunity agreement with Smithers elicited false testimony regarding whether a grand jury had ever recommended prosecution of Smithers. Having elicited the false testimony, this prosecutor likewise failed to correct it. Without the tapes, Petitioner had no impeachment evidence to attack Smithers' credibility.

Despite numerous attempts to obtain these tapes during the eighteen years since his arrest and conviction, Petitioner had never before been given access to these recordings. These statements, recorded by law enforcement in connection with the investigation of Petitioner in December 1985/January 1986, were provided to Petitioner for the first time under letter of Respondent's counsel dated March 19, 2002, in compliance with the Order of the Third Circuit Court of Appeals dated March 7, 2002. Respondent's counsel had steadfastly refused to provide Petitioner with a copy of these audiotapes, even though they had been filed on behalf of Respondent in this Court.

Almost immediately upon review of these tapes, Petitioner sought post-conviction relief in the Commonwealth Courts, filing his petition on April 17, 2002, during which time the proceedings in this case were stayed. Those proceedings did not reach the merits of the claims based upon the contents of the tape recordings. The instant case was

3

stayed during the pendency of the renewed state proceedings.

Because Respondent did not even serve these audiotapes on Petitioner when filing them with the Court, Petitioner had no opportunity to address this problem when this case was first before the Court. The failure to develop a transcript - or formulate some other way to utilize the tapes - is in no way the fault of Petitioner; rather, it is only because of Respondent's refusal to provide the tapes to Petitioner at the appropriate time that the record of this Court lacks this essential tool for utilizing this most significant evidence.

## ARGUMENT

A. Leave To Amend Is Appropriate To Address The Recently Produced Transcript of The Audiotapes.

This request to amend in light of a key piece of evidence, and to augment the record with the transcript is found upon Rule 10 of the Federal Rules of Appellate Procedure which provides in relevant part:

"If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded ... by the district court before or after the record has been forwarded."

Considering the application of FRAP Rule 10, the instant request for leave to amend is appropriate. See _Fassett v. Delta Kappa Epsilon_, 807 F.2d 1150 (3d Cir. 1986) and

4

<u>United States v. Andiarena</u>, 823 F.2d 673 (1st Cir. 1987).

B. The Contents of The Four Audiotapes Are Necessary For This Court's Review.

Examining this Court's prior decision to deny relief, it can be seen that the Court concluded that:
"Although it is reprehensible that Deputy Attorney General Abeln did not turn over impeachment discovery to defense, and knowingly allowed false testimony not just once but in two trials, the testimony of Thomas did not undermine the confidence of the verdict, Romansky implicated himself through his own recorded admissions."

Although this Court found that the Pennsylvania court had misapplied the standard of materiality, it still concurred with the state courts decision regarding confidence in the verdict. However, this assessment was made without the complete tape transcript. Thus, a new assessment of materiality is necessary. Speaking recently to this standard, the Supreme Court noted:
"Our touchstone on materiality is <u>Kyles v. Whitley</u>, 514 U.S. 419 (1995). Kyles instructed that the materiality standard for Brady claims is met when 'the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict.' 514 U.S. at 435." <u>Banks v. Dretke</u>, 540 U.S. —, No. 02-8286, slip op. at 26 (U.S.S.Ct. February 24, 2004)

Because this Court is called upon to consider the confidence in the verdict, it will be necessary to assess the significance of the impeachment materials which were improperly withheld from the defense in violation of the requirements of Brady. This assessment simply cannot occur without a clear understanding of the content of the tapes which the government wrongfully withheld from the defense.

C. Petitioner Should Be Afforded An Opportunity To Supplement or Amend The Evidence In Support of His Habeas Corpus With Material Obtained From The Four Audiotapes.

Petitioner first gained access to the four audiotapes of his conversations with Smithers only after years of effort to obtain them. Respondent refused to provide him with the tapes, even after having filed them with this Court. Respondent filed a "Response In Opposition To Motion To Compel The Commonwealth To Turn Over Copies of Cassette Tapes To Petitioner" which acknowledged that the tapes had been provided to this Court but never served on Petitioner. Thus, Petitioner should be granted leave to amend his habeas corpus.

CONCLUSION

For the foregoing reasons, it is respectfully requested that Petitioner be granted leave to file an amended Petition.

Respectfully submitted,

Steven L. Romansky
175 Progress Drive
Waynesburg, PA 15370-8090

Dated: November 10, 2005

## CERTIFICATE OF SERVICE

I hereby certify that I am this day serving a copy of the foregoing Brief In Support of Motion For Leave To File Amended Habeas Corpus upon the person and in the manner indicated below, which service satisfies the requirements of FRAP 25(b):

Service by first class mail addressed as follows:

Andrea F. McKenna, Esquire
Office of Attorney General
Appeals and Legal Services Section
16th Floor, Strawberry Square
Harrisburg, PA 17120

Steven L. Romansky

Dated: November 10, 2005

8

Steve Romansky AY-8324
175 Progress Drive
Waynesburg, PA 15370-8090
November 10, 2005

Office of The Clerk
United States District Court
Middle District of Pennsylvania
U.S. Courthouse
228 Walnut Street
P.O. Box 983
Harrisburg, PA 17108

Re: Romansky v. Blaine, No. 1:00-cv-01520

Dear Clerk:

Enclosed for filing in the above captioned case you will find three (3) handwritten copies of Petitioner's Brief In Support of Motion For Leave To File Amended Habeas Corpus. Thank you for your attention and cooperation.

Sincerely,

Steve Romansky

Encl.: As stated above

Steve Romansky AY-8324
175 Progress Drive
Waynesburg, PA 15370-8090

Office of The Clerk
United States District Court
Middle District of Pennsylvania
U.S. Courthouse
228 Walnut Street
P.O. Box 983
Harrisburg, PA 17108