IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEVEN L. ROMANSKY,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 3:CV-00-1520 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **CONNER BLAINE, JR.,** | : | |
| | : | |
| Respondent | : | |

# O R D E R

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

Petitioner, Steven Romansky, an inmate at the Greene State Correctional Institution in Waynesburg, Pennsylvania, commenced this action with a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2254. Thereafter, Respondent filed an answer and memorandum in opposition to the habeas petition, and Petitioner filed a traverse. Respondent also filed four (4) audiotapes (Doc. 17) of alleged admissions by Petitioner, in compliance with this court's order dated August 6, 2001 (Doc. 14).

By order dated August 24, 2001, this court denied relief on the petition, and Petitioner filed an appeal to the United States Court of Appeals for the Third Circuit. The Third Circuit Court of Appeals granted a certificate of appealability (Doc. 29), and by order dated January 6, 2005 (Doc. 31), the Third Circuit granted Petitioner's

motion for remand, "without prejudice to Petitioner's filing a motion to amend the habeas petition to allow additional claims based upon the audiotape evidence." (Doc. 31 at 2.)

On remand, this court issued an order (Doc 36) permitting Petitioner to supplement the record and to file a motion for leave to file an amended habeas petition. Thereafter, Petitioner filed supplemental documents into the record together with an amended habeas petition. The supplemental documents were accepted by the court, and the amended habeas petition was construed as a motion for leave to file an amended habeas petition ("motion to amend"). Petitioner was directed to file a brief in support of the motion to amend, and Respondent was directed to file a brief in opposition to the Petitioner's motion within fifteen (15) days of service of Petitioner's brief. (Doc. 47). Respondent was advised that upon failure to file a brief in opposition to the motion, the court would deem the motion to amend unopposed. (*Id*.)

Although the time to file a brief in opposition to the motion to amend has expired, Respondent has neither filed a brief in opposition nor requested an enlargement of time in which to do so.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT**:

1) Petitioner's amended habeas petition (Doc. 44) is construed as a motion for leave to file an amended habeas petition, the unopposed motion is **GRANTED**, and Petitioner's amended petition for writ of habeas corpus is accepted by the court.

2) The Clerk of Court is directed to serve a copy of the amended petition and this order by certified mail on the District Attorney of Wayne County, Pennsylvania, and on the Respondent named therein.

3) Within twenty (20) days of the date of this Order, Respondent shall answer the allegations in the petition for writ of habeas corpus. Consistent with Rule 5 of the Rules Governing § 2254 Cases in the United States Courts, the answer shall:

(a) state whether any claim in the petition is barred by a failure to exhaust state court remedies, a procedural bar, non-retroactivity, or a statute of limitation;

(b) be accompanied by those portions of any transcripts the Respondents deem relevant to disposing of the claims raised in the petition;

(c) indicate what other proceedings that might be relevant to the petition have been recorded but have not yet been transcribed;

(d) be accompanied by copies of any of the Petitioner's briefs on appeal, either from the judgment of conviction or from an adverse decision in a post-

conviction proceeding; copies of any opinions and dispositive orders of the appellate courts relating to the conviction or the sentence; any PCRA petitions; and any brief that the prosecution submitted in an appellate court relating to the conviction or the sentence.

4) Respondent shall file a memorandum of law with the answer. The memorandum shall set forth the relevant facts and procedural history of the case, a recommended disposition of the petition, and citations to pertinent case law.

5) A determination whether Petitioner should be produced for a hearing will be held in abeyance pending submission of a response.

6) Petitioner shall, if he so desires, file a reply brief within fifteen (15) days of the filing date of the Respondent's filings.

                                              s/Sylvia H. Rambo
                                              SYLVIA H. RAMBO
                                              United States District Judge

Dated: February 27, 2006.