### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN L. ROMANSKY               :
          Petitioner                :        CIVIL NO. 3:CV-00-1520
          v.                         :        (Judge Rambo)
                                    :
CONNER BLAINE, Jr.               :
          Respondent                :


### RESPONSE TO AMENDED PETITION
### FOR WRIT OF  HABEAS CORPUS

Respondent by his attorney files this Response To Amended Petition for Writ of  Habeas Corpus, Doc. 44, as directed by  Order of  February 27, 2006. A seriatim response will be dispensed with for the sake of clarity.

**I. Procedural History**

The procedural history of the state court conviction is recounted at Doc. 8 (Respondent's Memorandum of Law, filed January 31, 2001), and incorporated herein by reference.

Romansky filed a petition for writ of habeas corpus August 25, 2000. By Order of August 24, 2001, this Court denied relief.  Romansky appealed.  The United States Court of Appeals for the Third Circuit granted a certificate of appealability.  By Order of January 6, 2005, the Third Circuit  granted Petitioner's

motion for remand "without prejudice to Petitioner's filing a motion to amend the habeas petition to allow additional claims based upon the audiotape evidence." Doc. 31, at 2. "Audiotape evidence" refers to four audiotapes of consensual recordings made by Thomas Smithers who agreed to engage Romansky in conversations concerning his criminal activity. In compliance with the Order of August 6, 2001, Respondent provided copies of these tapes to the Court.

Romansky filed on September 6, 2005, a *pro se* a document entitled "Petition for Writ of Habeas Corpus." Doc. 44. By Order of February 27, 2006, this Court construed Petitioner's filing of September 6, 2005 as a motion for leave to file an amended habeas petition, and accepted the unopposed motion as an amended petition for writ of habeas corpus. The Court further directed that a response be filed.

## II. Timeliness of the Petition

Because the Third Circuit remanded the petition without prejudice to Petitioner's filing a motion to amend, timeliness relates back to the date of the initial filing, August 25, 2000. *Mayle v. Felix*, ___U.S.___, 125 S.Ct. 2562, 2574 (2005). The initial filing was within the one-year limitations period established by AEDPA, 28 U.S.C.§2244(d)(1)(A). Doc. 7, p. 2.

## III. Availability of Transcripts

Excerpts of transcripts are attached as appendices to Doc. 7 and at Doc. 15. These are the only transcripts in existence. See representation at Doc. 15.

## IV. Claim Presented for Relief

Paragraph 7 of the  amended petition for writ of habeas, Doc. 44, sets out the following claim for relief:  "Petitioner was denied his right to present a defense to criminal charges under due process and compulsory process when the prosecutor violated discovery by withhelding (*sic*) the four (4) audiotapes. The excluded relevant, admissible evidence that Mr. Smithers was indicted by the grand jury, had a deal with the prosecutor, and admits to having his ass in a sling over this arson was withheld, solely to mislead the jurors."

## V. Exhaustion of Remedies

A convicted state prisoner may not seek federal habeas relief unless he has exhausted the remedies available in the state courts. 28 U.S.C.§2254(b); *Anderson v. Harless*, 459 U.S. 4 (1982); *Burkett v. Cunningham*, 826 F.2d 1208, 1213 (3d Cir. 1987). This statutory provision has been interpreted to require the federal habeas petitioner to present both the facts and legal theory through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Carey v. Saffold*, 536 U.S. 214 (2002).  A petitioner has not exhausted state court remedies as long as he maintains the right under the law

of the State to raise, by any available procedure, the question presented. 28 U.S.C.§2254(c).

On direct appeal of the Wayne County Court of Common Pleas conviction which this habeas petition attacks, Romansky raised no claim in any way comparable to the claim raised in the amended petition for writ of habeas corpus. See Doc.8, p. 2.

On post conviction relief Romansky raised the following claims for relief: (1) whether he was denied the sixth amendment right to the effective assistance of counsel by trial counsel's failure to seek suppression of information obtained through an alleged violation of the Commonwealth's Wiretap Act; (2) whether he was denied the sixth amendment right to the effective assistance of counsel when counsel failed to seek suppression of evidence obtained through an allegedly illegal entry into Romansky's home; (3) whether he was denied state and federal constitutional rights of due process when the Commonwealth allegedly used false testimony and withheld vital impeachment evidence regarding Commonwealth witness Thomas Smithers; (4) whether he was denied the effective assistance of counsel by counsel's failure to conduct an independent investigation of Commonwealth witness Thomas Smithers. Doc. 8, p. 3.

The Court of Common Pleas of Wayne County denied post conviction relief. On appeal of the denial, Romansky raised the following claims in Superior Court :

(1) whether the PCRA court erred in concluding that the Commonwealth's knowing use of false testimony and concealment of impeachment evidence did not have a reasonable likelihood of effecting the jury's verdict; (2) whether the PCRA court erred in concluding that defense counsel was not ineffective for failure to seek suppression of the defendant's tape-record statements due to violation of the voluntary consent provision of Pennsylvania's wiretap act. Doc.8, p 3.

*Romansky* sought discretionary review in the Pennsylvania Supreme Court. Review was denied. *Commonwealth v. Romansky*, No. 0241 M.D.Alloc, Dkt. 2000 (July 25, 2000).

In this amended petition, Romansky asserts that because the Commonwealth did not provide him with copies of tapes, portions of which were played at trial, he was deprived of evidence to impeach the testimony of Commonwealth Agent Russell Thomas. Agent Thomas falsely testified that Thomas Smithers had no agreement with the Commonwealth that his cooperation would result favorable consequences to him.

The instant claim is substantially similar to the third claim raised on post conviction relief and presented for appellate review; that is, whether Romansky was denied state and federal constitutional rights of due process when the Commonwealth allegedly used false testimony and withheld vital impeachment evidence regarding Commonwealth witness Thomas Smithers. The only difference

between the prior claim and the claim now stated is the specific allegation that the tapes would have been the source of such impeachment evidence. The heart of the instant claim is the same as the claim raised and considered in the state courts on post conviction review. As such, the instant claim is exhausted.

## VI. Merits of the Claim

Governing Law. The Antiterrorism and Effective Death Penalty Act (AEDPA), effective April 24, 1996, amended the standards for review state court judgments in federal habeas petitions filed under 28 U.S.C. §2254. *Werts v. Vaughn*, 228 F. 3d 178, 195 (3d Cir. 2000). AEDPA increased the deference federal courts must give to the factual findings and legal determinations of the state courts. *Id.* at 196. Pursuant to 28 U.S.C. §2254(d)(1), as amended by AEDPA, a petition for habeas corpus may be granted only if: (1) the state court's adjudication of the claim resulted in a decision contrary to, or involved an unreasonable application of "clearly established Federal law, as determined by the Supreme Court of the United States," or if (2) the adjudication resulted in a decision that was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(1)-(2). *Williams v. Taylor*, 529 U.S. 420 (2000). Factual issues determined by a state court are presumed to be correct and the petitioner bears the burden of rebutting this

presumption by clear and convincing evidence. 28 U.S.C. §2254(e)(1); *Werts v. Vaughn*, 228 F. 3d 178, 196 (3d Cir. 2000).

In this amended petition, Romansky asserts that because the Commonwealth did not make available tapes of consensually recorded conversations between himself and Thomas Smithers the Commonwealth deprived him of impeachment evidence which would have countered the testimony of Agent Thomas who falsely testified Smithers had no agreement with the Commonwealth that his cooperation would result in favorable consequences for himself.

The state court findings that the introduction of impeachment testimony would not have over-born Romansky's own admissions of criminal activity, captured on tape and played to the jury, are findings to which deference is due. 28 U.S.C. §2254(e)(1); *Werts v. Vaughn*, 228 F.3d 178, 196 ( 3d Cir. 2000); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The state court findings to this effect are broad enough, and in conformance to controlling U.S. Supreme Court authority, to encompass the effect of impeachment evidence from *whatever* source, including portions of the tapes themselves.

In affirming the denial of post conviction relief on the Wayne County conviction which this habeas petition attacks, Superior Court resolved the question now before this court by reference to the Superior Court decision on direct appeal of Romansky's conviction in Pike County for the theft of the 1979

Ford Bronco (subject of the Wayne County arson). *Commonwealth v. Romansky*, No. 1538 EDA 1999, slip op. pp. 4-6. (Superior Court, December 17, 1999)(memorandum). On appeal of the Pike County conviction, Romansky claimed "[h]e was denied his state and federal constitutional due process rights when the Commonwealth failed to disclose vital impeachment evidence to him . . . that an investigating grand jury had issued a presentment against its witness, Thomas Smithers, recommending prosecution for various criminal offenses, including charges involving the same 1979 Ford Bronco for which appellant was convicted." *Commonwealth v. Romansky*, 702 A. 2d 1064, 1065 (Pa. Super. 1997). Superior Court vacated the conviction and remanded. Romansky was re-tried, convicted and judgment of sentence affirmed. *Commonwealth v. Romansky*, 676 A.2d 285 (Table)(Pa. Super. 1995).

In the Pike County matter at 702 A. 2d 1064, Superior Court analyzed the claim under *Brady v. Maryland*, 373 U.S. 83, (1963) and *Giglio v. United States*, 405 U.S. 150 (1972). Superior Court determined that at the Pike County trial where Smithers and Romansky each took the stand and gave conflicting testimony Smithers' credibility was a key factor. Superior Court also determined that there was a reasonable likelihood that Smithers' false testimony (that he had no deal with the Commonwealth) could have affected the verdict. 702 A. 2d at 1071.

In affirming denial of post conviction relief for the Wayne County conviction here at issue, Superior Court found that the false  testimony of Commonwealth Agent Russell Thomas (to the effect that Smithers had no agreement with the Commonwealth) was material under a *Giglio* analysis. Nonetheless, the state court found Smithers' false testimony harmless. *Commonwealth v. Romansky*, No. 1538 EDA 1999, slip op. p. 8 (Superior Court, December 17, 1999)(memorandum).

On appeal of the denial of post conviction relief on the Wayne County conviction, Superior Court distinguished the impact of  false testimony pertaining to Smithers' cooperation with the Commonwealth in the Wayne County trial (where excerpts of the tapes were played)  from  the  impact  of such testimony in the Pike County prosecution where the tapes were *not* played and where Romansky and Smithers both testified, each accusing the other of being solely responsible for the charged wrong-doing.  In the Wayne County prosecution, here under attack, Superior Court found:  "Appellant's role's in the arson and related crimes was clearly established through his own admission in the wiretapped conversation. Although Smithers was the party participating in the wiretap, the testimony relating to an underlying deal which the prosecution had reached with him, had no bearing on Appellant's ultimate admissions." *Id*, p. 8.

9

The Superior Court determination that "Appellant's roles in the arson and related crimes was clearly established through his own admission in the wiretapped conversation," is a factual finding to which deference is due. "Factual issues determined by a state court are presumed to be correct and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Werts v. Vaughn*, 228 F.3d 178, 196 (3d Cir. 2000); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

This state court finding--that Romansky established his guilt through his own recorded admissions—demands the conclusion that even if the tapes did contain conclusive evidence that Smithers was engaged in criminal wrong-doing and was cooperating with the Commonwealth in the expectation of favorable treatment for himself, and even if the jury had heard such information from the tapes themselves, the result of the proceeding would not have been different.

Moreover, in resolving Romansky's claim, Superior Court defined "harmless error" according to the standard stated in *Commonwealth v. Weisman*, 584 A. 2d 980, 958 (Pa. Super.1990). *Commonwealth v. Romansky*, No. 1538 EDA 1999, slip. op.( Pa. Super. December 17, 1999). This state standard comports with the standard for harmless error articulated in *Delaware v. Van Arsdall*, 475 U.S. 673 (1986). *See Commonwealth v. McGrogan*, 523 Pa. 614, 568 A. 2d 924, 930 (1990).

In sum, the state court made a determination that Romansky's own admissions of guilt, captured on taped conversations with Thomas Smithers and played to the jury, would not have been over-born had the jury known that Thomas Smithers was cooperating with the Commonwealth in exchange for favorable treatment. This factual determination encompasses Romansky's current claim that admission of the "excluded relevant, admissible evidence that Mr. Smithers was indicted by the grand jury, had a deal with the prosecutor, and admits to having his ass in a sling over this arson," Doc. 44, ¶7, would have had a reasonable likelihood of changing the verdict.

This state court determination is neither a decision contrary to, or an unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States nor was the decision based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceedings. 28 U.S.C.§2254(d); *Williams v. Taylor*, 529 U.S. 420 (2000). Accordingly, there is no merit to the claim raised in the instant petition.

WHEREFORE, Respondents respectfully request this Honorable Court to dismiss the amended petition for writ of habeas corpus and find that no certificate of appealability should issue.

Respectfully submitted,

THOMAS W. CORBETT, Jr.
Attorney General

By:    s/ Andrea F. McKenna

Andrea F. McKenna
Senior Deputy Attorney General
Attorney I.D. No. 39717

Office of Attorney General
Appeals and Legal Services
16th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 787-6347
Dated: March 17, 2006

12

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STEVEN L. ROMANSKY | : | |
| Petitioner | : | CIVIL NO. 3:CV-00-1520 |
| v. | : | (Judge Rambo) |
| | : | |
| CONNER BLAINE, Jr. | : | |
| Respondent | : | |

## CERTIFICATE OF SERVICE

I hereby certify that I am this day serving one copy of the foregoing Response to Amended Petition for Writ of Habeas Corpus upon the person and in the manner indicated below:

*Service by first class mail
addressed as follows:*

**Steven L. Romansky
175 Progress Drive
Waynesburg, PA  15370-8090**

By:   s/ Andrea F. McKenna

Andrea F. McKenna
Senior Deputy Attorney General
Attorney I.D. No.  39717

Office of Attorney General
Appeals and Legal Services
16th Floor, Strawberry Square
Harrisburg, PA  17120
(717) 787-6347
Dated:  March 17, 2006