IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN L. ROMANSKY | : | |
| | : | |
| Petitioner | : | CIVIL NO. 3: cv-00-1520 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| CONNER BLAINE, JR. | : | |
| | : | |
| Respondent | : | |

**RESPONDENT'S ANSWER PURSUANT
TO ORDER OF SEPTEMBER 26, 2007**

**I.    Whether Petitioner was denied his Fifth, Sixth and Fourteenth Amendment rights due to an alleged violation of Title 18 Pa.C.S. §5704(2)(ii).**

In consensual recordings made in December, 1985 and January, 1986, the Commonwealth adhered to the plain language of section 5704(2)(ii) of the Wiretapping and Electronic Surveillance Control Act. Petitioner is entitled to no relief.

**Exhaustion.**  The United States Court of Appeals for the Third Circuit granted Petitioner's Motion for Remand "without prejudice to Petitioner's filing a motion to amend the petition to allow additional claims based upon the audiotape evidence." Document No. 55, p. 1. While this Order may be read as waiving requirements of exhaustion, the District Court Order of September 26, 2007, directs that the answer state whether the petition is barred by failure to exhaust

remedies, procedural bar, non-retroactivity or a statute of limitations. Accordingly, this discussion follows.

A convicted state prisoner may not seek federal habeas relief unless he has exhausted the remedies available in the state courts. 28 U.S.C. §2254(d); *Anderson v. Harless*, 459 U.S. 4 (1982); *Burkett v. Cunningham*, 826 F. 2d 1208, 1213 (3d Cir. 1987). This provision has been interpreted to require the petitioner to present both the facts and the legal theory through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Romansky did not raise on direct appeal the claim that his Fifth, Sixth and Fourteenth Amendment rights were violated by the failure of the Commonwealth to comport with a provision of the state Wiretapping and Electronic Surveillance Control Act. Document No.8, p. 2. On collateral attack pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §9541 *et seq.*, Romansky asserted that defense counsel was ineffective for failing to seek suppression of the consensually recovered conversations due to a violation of section 5704 of the Wiretap Act. Document No. 8, p.3. The lower court denied relief. The Superior Court affirmed the denial. In so doing, the Pennsylvania Superior Court simply noted that on May 23, 1986, counsel for Romansky filed a motion to suppress evidence obtained through consensual recordings. The Superior Court engaged in no discussion of

2

the provisions of the Wiretap Act. Document No.8, Appendices. Romansky sought discretionary review in the Pennsylvania Supreme Court; review was denied. *Commonwealth v. Romansky*, No. 0241 M.D. Alloc. Dkt 2000 (July 25, 2000).

Arguably, the claim of federal constitutional violations stemming from noncompliance with state law was not "fairly presented" in state court. However, Romansky now has no access to state court. By state law, any petition for post conviction relief, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final. 42 Pa.C.S.§9545(b)(1). A judgment is final at the conclusion of direct review, including discretionary review in the Pennsylvania and U.S. Supreme Courts, or at the expiration of time for seeking such review. 42 Pa.C.S.§9545(b)(3). The Pennsylvania Superior Court affirmed the judgment of sentence in an order entered November 24, 1987, at No. 00706 Philadelphia 1987. Judgment of sentence was final 30 days after entry of this order, when the period to seek allowance of appeal in the Pennsylvania Supreme Court expired. Pa.R.A.P. 1113.

The time bar is jurisdictional. *Whitney v. Horne*, 280 F. 3d 240 (3d Cir. 2002); *Commonwealth v. Abu-Jamal*, 574 Pa. 724, 833 A.2d 719 (2003). The time bar may be overcome if the petitioner alleges and proves one of three statutory exceptions; namely, that the failure to raise the claim previously was the result of interference by government officials; that the facts upon which the claim is predicated were

unknown to the petitioner; or that the right asserted is a constitutional right recognized by the state or federal Supreme Court after the expiration of the time period, and specifically held to apply retroactively. 42 Pa.C.S.§9545(b)(1)(i)-(iii).

Given that Romansky knew of the existence of the tapes in advance of trial (counsel filed a motion in 1986 to suppress evidence obtained from the consensual recordings), it is unlikely Romansky could prevail on any of these exceptions.

If a claim has not been fairly presented to the state courts, but further state court review is clearly foreclosed under state law, exhaustion is excused on the ground of futility. *Lines v. Larkin*, 208 F. 3d 153, 160 (3d Cir. 2000). Under these circumstances, the claim is procedurally defaulted, not unexhausted, and the claim may be entertained in a federal habeas petition only if there is a basis for excusing the procedural default. *Wenger v. Frank*, 266 F. 3d 218, 223(2001). Procedural default of a claim may be excused if a petitioner can show cause and prejudice, or that a fundamental miscarriage of justice would result. *Ibid*; 28 U.S.C.A. § 2254.

As reflected in the record, Romansky was aware of the existence of taped conversations prior to trial—as evidenced both by the filing of a pre-trial motion to suppress consensually recorded tapes and testimony at trial. As such, he can show no "cause" for having failed to raise the issue in state court. Nor can he demonstrate prejudice. As discussed fully below, there is record evidence that Smithers voluntarily approached the prosecution with information against

4

Romansky. While the prosecutor did not personally interview Smithers, agents of the Office of Attorney General did. The prosecutor reviewed the facts and made a determination as to the voluntariness of consent. Each tape recording begins with an averment by Smithers that he is voluntarily consenting to the placing of a recording device upon his person for the purpose of intercepting Romansky. Romansky himself references these statements. Document No. 45, pp. 17-18.

Because Romansky cannot demonstrate cause and prejudice, the procedural default of this claim should not be excused.

**Discussion.** Section 5704(2)(ii) of the Wiretapping and Electronic Surveillance Control Act, 18 Pa.C.§ 5701 *et seq.* provides, in pertinent part, that no consensual electronic surveillance "shall be made unless the Attorney General or a deputy attorney general designated in writing by the Attorney General . . . has reviewed the facts and is satisfied that the consent is voluntary and has given prior approval for the interception." 18 Pa.C.S. §5704(2)(ii).

The trial transcript evidences that the prosecutor, Mr. Abeln, did "review the facts," "was satisfied that the consent [was] voluntary" and gave his approval to the interception. Commonwealth Agent Russell Thomas testified that Smithers approached him on several occasions in December, 1985 with information as to Romansky's activities and "voluntarily requested to engage in this consensual

5

interception. I then contacted you [Mr. Abeln], outlined the facts and received approval as required by the statute. N.T. pp. 96, 98, appended to Document No. 8.

This method of review by the Attorney General's designee comported with the plain language of the statute: *i.e.*, that no consensual electronic surveillance "shall be made unless the Attorney General or a deputy attorney general designated in writing by the Attorney General . . . has reviewed the facts and is satisfied that the consent is voluntary and has given prior approval for the interception." 18 Pa.C.S. §5704(2)(ii). Nothing in the plain language of the statute put the Commonwealth on notice that the prosecutor's review of the facts *required* the prosecutor to meet *personally* with the proposed volunteer and determine the voluntariness of consent.

In the summer of 1988, (after Romansky's conviction was final), the Pennsylvania Superior Court wrote that section 5704(2)(ii) of the Wiretap Act required the prosecutor to *personally* interview the purposed volunteer. *Commonwealth v. Clark*, 542 A. 2d 1036 (June 6, 1988), *allowance of appeal denied*. *Clark* did reference *Commonwealth v. Adams*, 524 A. 2d 1375 (April 28, 1987), which noted that the prosecutor had spoken several times to the proposed volunteer before authorizing consensual interception. *Adams*, however, did not hold that the Wiretap Act *required* the prosecutor personally interview the proposed volunteer. *Adams* merely acknowledged that, in the facts before it, the

6

prosecutor had conducted several personal interviews. The holding of *Adams* turned on how long consent remained valid, and not on the requirement of a personal interview.

The plain language of section 5704(2(ii) of the Wiretap Act says nothing, either directly or inferentially, about the requirement of a personal interview by the Attorney General or his designee. *Clark*, with its requirement of a personal interview, announced a "new rule." By Pennsylvania law, a new rule is to be applied retroactively to cases where the issue in question is properly preserved at all stages of adjudication up to and including direct appeal. *Commonwealth v. Cabeza*, 503 Pa.228, 233, 469 A. 2d 146, 148 (1983). The Pennsylvania Superior Court affirmed Romansky's judgment of sentence November 24, 1987. *Clark* was decided June 6, 1988. By this time-table, and because Romansky never raised the issue on direct appeal, *Clark* has no application to Romansky's prosecution on arson and related charges.

Moreover, the record contains numerous *indicia* that Smithers voluntarily consented to electronic recording of his conversations with Romansky. Commonwealth Agent Thomas testified that Smithers came to the police with information on Romansky and volunteered to have his conversations taped. As Romansky himself points out, prior to each recording, Smithers averred that he

7

was voluntarily consenting to the placement of a recording device on his person for the purpose of intercepting one Steven Romansky. *See* Document No. 45.

Habeas relief is available to a state prisoner when a state court judgment:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;

or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court.

28 U.S.C. §2254.

Clearly established Federal law as determined by the Supreme Court of the United States encompasses the holdings of the U.S. Supreme Court as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L. Ed. 2d 389 (2000). Romansky cites to no "clearly established Federal" law (and Respondent is aware of none) which would give him relief. Given the record *indicia* that Smithers acted voluntarily in agreeing to the recording of his conversations with Romansky, it would be unreasonable to discount this evidence of voluntariness simply because the prosecutor did not personally interview Smithers.

There is no merit to this claim. Relief should not be granted.

## II. Whether Petitioner was denied his Fifth, Sixth and Fourteenth Amendment rights under *Massiah v. United States* and its progeny.

*Massiah* is inapplicable to the facts of this case. The consensually intercepted conversations between Smithers and Romansky (who were never co-defendants) occurred prior to Romansky being charged with the crimes which are the subject of the instant petition. His constitutional rights, as delineated in *Massiah*, were not violated by the recorded conversations.

**Exhaustion.** The United States Court of Appeals for the Third Circuit granted Petitioner's Motion for Remand "without prejudice to Petitioner's filing a motion to amend the petition to allow additional claims based upon the audiotape evidence." Document No. 55, p. 1. While this Order may be read as waiving requirements of exhaustion, the District Court Order of September 26, 2007 directs that the answer state whether the petition is barred by failure to exhaust remedies, procedural bar, non-retroactivity or a statute of limitations. Accordingly, this discussion follows.

A convicted state prisoner may not seek federal habeas relief unless he has exhausted the remedies available in the state courts. 28 U.S.C. §2254(d); *Anderson v. Harless*, 459 U.S. 4 (1982); *Burkett v. Cunningham*, 826 F. 2d 1208, 1213 (3d Cir. 1987). This provision has been interpreted to require the petitioner to present both the facts and the legal theory through "one complete round of the State's

9

established appellate review process.") *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Romansky did not raise a *Massiah* claim on direct appeal. Document No.8, p.2. Nor did he raise such a claim on collateral attack pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §9541 *et seq.* Document No.8, p.3.

Today, nearly two decades after judgment of sentence became final in December of 1987, Romansky has no access to state court. By state law, any petition for post conviction relief, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final. 42 Pa.C.S.§9545(b)(1). A judgment is final at the conclusion of direct review, including discretionary review in the Pennsylvania and U.S. Supreme Courts, or at the expiration of time for seeking such review. 42 Pa.C.S.§9545(b)(3). The Pennsylvania Superior Court affirmed the judgment of sentence in an order entered November 24, 1987 at No. 00706 Philadelphia 1987. Judgment of sentence was final 30 days after entry of this order, when the period for seeking allowance of appeal in the Pennsylvania Supreme Court expired. Pa.R.A.P.1113. (Romansky did not seek allowance of appeal in the Pennsylvania Supreme Court).

The time bar is jurisdictional. *Whitney v. Horne*, 280 F. 3d 240 (3d Cir. 2002); *Commonwealth v. Abu-Jamal*, 574 Pa. 724, 833 A.2d 719 (2003). The time bar may be overcome if the petitioner alleges and proves one of three

statutory exceptions; namely, that the failure to raise the claim previously was the result of interference by government officials; that the facts upon which the claim is predicated were unknown to the petitioner; or that the right asserted is a constitutional right recognized by the state or federal Supreme Court after the expiration of the time period, and specifically held to apply retroactively. 42 Pa.C.S.§9545(b)(1)(i)-(iii).

Given that Romansky knew of the existence of the tapes in advance of trial (his counsel filed a pre-trial motion to suppress evidence obtained from the consensual recordings), it is unlikely Romansky could prevail on any of these exceptions

If a claim has not been fairly presented to the state courts, but further state-court review is clearly foreclosed under state law, exhaustion is excused on the ground of futility. *Lines v. Larkin*, 208 F. 3d 153, 160 (3d Cir. 2000); *Toulson v. Beyer*, 987 F. 2d 984, 987-88 (3d Cir. 1993). Under these circumstances, the claim is procedurally defaulted, not unexhausted and the claim may be entertained in a federal habeas petition only if there is a basis for excusing the procedural default. *Wenger v .Frank*, 266 F. 3d 218, 223 (2001). Procedural default of a claim may be excused if a petitioner can show cause *and* prejudice, or that a fundamental miscarriage of justice would result. *Ibid*; (emphasis supplied); 28 U.S.C.A. § 2254.

As reflected in the record, Romansky was aware of the existence of taped conversations prior to trial. His counsel filed a motion to suppress consensually recorded tapes. As such, he can show no "cause" for having failed to raise the issue in state court. Accordingly, the procedural default of this claim should not be excused.

**Discussion.** The decision of Thomas Smithers to cooperate with police and obtain information against Romansky through consensual recordings did not violate *Massiah v. United States*, 377 U.S. 201 (1964).

*Massiah* held that the defendant's Fifth and Sixth Amendment rights were violated by the use in evidence against him of incriminating statements which he made to a co-defendant after both were indicted and released on bail, and the defendant had retained counsel. These incriminating statements were heard by a government agent when the co-defendant, without the defendant's knowledge, agreed to cooperate with the government and permitted agents to install a radio transmitter under the front seat of the co-defendant's automobile.

Romansky is not similarly situated with Massiah. When Romansky's conversations with Smithers were recorded surreptitiously in December of 1985 and January of 1986, Romansky had not been charged with the arson and related offenses, nor had any grand jury recommended that such charges be filed against him.

Romansky incorrectly equates the return of a grand jury presentment with indictment. Under Pennsylvania law, this is not the case. The Investigating Grand Jury Act, 42 Pa.C.S. §4541 *et seq*. invests an investigating grand jury with the "power *to inquire* into offenses against the criminal laws of the Commonwealth alleged to have been committed within the county or counties in which it is summoned." 42 Pa.C.S.§4548, *emphasis supplied*. The Act also invests the statewide investigating grand jury with various "investigative resources," including, but not limited to, "the power of subpoena, the power to obtain the initiation of civil and criminal contempt proceedings, and every investigative power of any grand jury of the Commonwealth." *Ibid*. The grand jury additionally has the power to issue "a presentment with regard to any person who appears to have committed within the county or counties in which such investigating grand jury is summoned an offense against the criminal laws of the Commonwealth." 42 Pa.C.S.§4548(b). An "investigating grand jury presentment" is a "written formal *recommendation* by an investigating grand jury that specific persons be charged with specific crimes." 42 Pa.C.S. §4542, Definitions, *emphasis supplied*. Upon return of an investigating grand jury presentment, "the Attorney General or is designee shall, with respect to the alleged criminal activities, be authorized to prosecute the person on behalf of the Commonwealth by instituting criminal proceedings in the county of appropriate venue. 42 Pa.C.S. §4551(c).

In sum, a statewide investigating grand jury presentment is but a recommendation that the Attorney General file criminal charges. The presentment by itself has no powers of indictment. *See also* Black's Law Dictionary 1066 (5th ed. 1979), defining "presentment" as an instruction that an indictment be drawn.

The Third Statewide Investigating Grand Jury returned Presentment No. 48 on February 13, 1986, recommending the filing of charges against Romansky pertaining to the arson of a Ford Bronco which occurred on or about September 25, 1984, while impounded at the State Police Barracks in Honesdale. Appendix A, p. 15. (These are the charges which are the subject of the instant habeas petition.) The conversations between Romansky and Smithers were intercepted in December of 1985 and January of 1986, and are partially recounted in the presentment. Romansky was charged with arson and related offenses in Wayne County on February 15, 1986. Smithers was not named in the presentment, nor was he ever charged.

The Sixth Amendment right to counsel is offense specific. "[T]he right to counsel granted by the Sixth and Fourteenth Amendments means at least that a person is entitled to the help of a lawyer *at or after the time that judicial proceedings have been initiated against him....*" *Brewer v. Williams*, 430 U.S. 387, 398, 97 S.Ct. 1232, 1239, 51 L.Ed.2d 424 (1977). No authority holds that a Sixth Amendment right attaches upon a *recommendation* that a person be charged with a

14

crime. The Fifth Amendment right to counsel conferred by *Miranda v. Arizona*, 384 U.S. 436 (1966) attaches only when counsel is requested during a custodial interrogation. The recorded conversations were not obtained as the result of a custodial interrogation.

Romansky references "indictment" of himself and Smithers by the Third Statewide Investigating Grand Jury "on May 15, 1985. Document No. 45, p. 23. On this date, the Third Statewide Investigating Grand Jury returned Presentment No. 33, which *recommended* that Smithers, Romansky and others be charged with the receipt of stolen property, criminal conspiracy and various violations of the Motor Vehicle Code. *See* Appendix B. As discussed above, the return of a grand jury presentment is not an indictment. Romansky was charged with these offenses in Pike County on August 27, 1985; Smithers was never charged. Moreover, the Pike County charges are not the subject of the instant petition. The recorded conversations between Smithers and Romansky were not played at the Pike County trial.

For the above-stated reasons *Massiah* has no application to Romansky.

WHEREFORE, Respondent respectfully requests this Honorable Court to dismiss the amended petition for writ of habeas corpus and find that no certificate of appealability issue.

                Respectfully submitted,

                THOMAS W. CORBETT, Jr.
                Attorney General


        By: s/ *Andrea F. McKenna*
                Senior Deputy Attorney General
                Attorney I.D. No. 39717

Office of Attorney General
Criminal Law Division
Appeals and Legal Services
16th Floor, Strawberry Square
Harrisburg, PA  17120
(717) 787-6347
Dated:  October 16, 2007

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STEVEN L. ROMANSKY | : | |
|     Petitioner | : | CIVIL NO. 3:cv-00-1520 |
|     v. | : | (Judge Rambo) |
| | : | |
| CONNER BLAINE, Jr. | : | |
|     Respondent | : | |

## CERTIFICATE OF SERVICE

    I hereby certify that I am this day serving one copy of the foregoing *RESPONDENT'S ANSWER PURSUANT TO ORDER OF SEPTEMBER 26, 2007* upon the person and in the manner indicated below:

*Service by first class mail*
*addressed as follows:*

**Steven L. Romansky**
**175 Progress Drive**
**Waynesburg, PA  15370-8090**

                                                 By: s/ <u>Andrea F. McKenna</u>
                                                      Andrea F. McKenna
                                                      Senior Deputy Attorney General
                                                      Attorney I.D. No.  39717

Office of Attorney General
Criminal Law Division
Appeals and Legal Services
16th Floor, Strawberry Square
Harrisburg, PA  17120
(717) 787-6347
Dated:  October 16, 2007