# APPENDIX "B"

IN THE COURT OF COMMON PLEAS
DAUPHIN COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | THE THIRD STATEWIDE | : Supreme Court of Pennsylvania |
| | INVESTIGATING GRAND | : Docket 23 Middle District 1983 |
| | JURY | : Dauphin County Common Pleas |
| | | : Docket Number 150 M.D. 1984 |

## ORDER ACCEPTING PRESENTMENT NO. 33

1.  The Court finds Presentment No. 33 of the Third Statewide Investigating Grand Jury is within the authority of said Grand Jury and is in accordance with the provisions of the Investigating Grand Jury Act, 42 Pa. C.S. §4541 et seq. Accordingly, this Presentment is accepted by the Court.

2.  The county for conducting the trial of all charges pursuant to this Presentment shall be Pike County.

3.  The Attorney General of the Commonwealth of Pennsylvania, or his designee, is hereby authorized to prosecute all defendants and all criminal charges as recommended in this Presentment by instituting criminal proceedings in the aforesaid County.

SO ORDERED this 15<sup>d</sup> day of May, 1985.


/s/ G. Thomas Gates
G. THOMAS GATES
Supervising Judge
The Third Statewide
Investigating Grand Jury

IN THE COURT OF COMMON PLEAS

DAUPHIN COUNTY, PENNSYLVANIA

IN RE:  THE THIRD STATEWIDE  :  Supreme Court of Pennsylvania

       INVESTIGATING GRAND   :  Docket 23 Middle District 23

       JURY                  :  Dauphin County Common Pleas

                             :  Docket Number 150 M.D. 1984

TO THE HONORABLE G. THOMAS GATES, SUPERVISING JUDGE:

PRESENTMENT NO. 33

We, the Third Statewide Investigating Grand Jury, duly charged to inquire into offenses against the criminal laws of the Commonwealth, have obtained knowledge of such matters from witnesses sworn by the Court and testifying before us. We find reasonable grounds to believe that various violations of the criminal laws have occurred. So finding with not fewer than twelve concurring we do hereby make this Presentment to the Court.

/s/

*Joseph J. Rottengen*  5-15-85

Foreperson of The Third
Statewide Investigating
Grand Jury

## PRESENTMENT NO. 33

### INTRODUCTION

Pursuant to the submission of Notice No. 7, this Investigating Grand Jury began hearing evidence relative to stolen motor vehicles and insurance fraud throughout Pennsylvania. Through education, experience, informant information and eye witness statements, the Office of Attorney General, Bureau of Criminal Investigation (OAG/BCI) and the Pennsylvania State Police (PSP) have learned that groups of individuals have been working together as an enterprise and engaging in racketeering activities to steal and dispose of various types of motor vehicles. This specific investigation has revealed that a group of individuals is operating in the northeastern part of Pennsylvania, New York and New Jersey. They have been obtaining wrecked or other low cost vehicles in order to acquire vehicle identification number (VIN) plates and titles. They would attach these VIN plates to the fraudulently obtained vehicles and, to the extent necessary, would alter or deface other identification numbers located on the vehicle frames so as to avoid any trace of the original vehicle. These individuals were also engaged in stealing various motor vehicles and dismantling them in order to sell the part or to reassemble other vehicles.

The Grand Jury has heard testimony from Special Agent Russell Thomas of the Office of Attorney General, Bureau of Criminal Investigation, and Troopers Michael Novatnak and Francis Golden of the Pennsylvania State Police about the circumstances surrounding the theft of over 100 different motor vehicles and involving many different people.

Each vehicle that the State Police and the Office of Attorney General, Bureau of Criminal Investigation have recovered has been assigned a number for identification purposes. This presentment, being an interim presentment due to the ongoing nature of this investigation, will document these vehicles one-by-one, but not necessarily in chronological order.

The investigators received information that ultimately resulted in the seizure of these vehicles. The confiscated vehicles were transferred to a holding area in the rear of the Pennsylvania State Police barracks in Honesdale, Wayne County, Pennsylvania where they were examined by Special Agent Michael Fuller of the National Automobile Theft Bureau (NATB), except as otherwise noted.

<u>FACTS</u>

Trooper Golden testified that on October 31, 1984, he and other investigators conducted a search of the residence of one EDWARD J. ARANCIO, R.D.# 1, Beach Lake, Wayne County, Pennsylvania. This search resulted in the seizure of a 1977 tan and green two-door Buick (vehicle number 42), a 1984 blue

and white Ford Bronco (vehicle number 43), four Corvette frames (vehicle numbers 44-47), a vehicle identification number plate to a 1982 Corvette (vehicle number 48) and a frame to a 1978 Ford Bronco (vehicle number 49). As a result of detailed examinations conducted by Special Agent Fuller of the NATB, it was determined that all of these vehicles were reported stolen in various jurisdictions within New York, New Jersey and Pennsylvania.

Trooper Golden told us that on November 16, 1984, ARANCIO appeared with his attorney at the State Police barracks, Honesdale, and gave a complete statement admitting his involvement in a conspiracy to purchase these various stolen motor vehicles. Two of the vehicles he purchased and retained for his own use. The remainder he "chopped" (dismantled) into various parts and components which he sold to various other individuals.

Trooper Michael Novatnak testified about a 1973 orange and brown 4-wheel drive Ford truck (vehicle number 13). On August 22, 1984, he conducted an examination of this truck which was located at the Yogi Bear Campground in Hawley, Wayne County, Pennsylvania. The owner, ANTHONY MARINO, told Trooper Novatnak that he paid an individual named "Richard" $2200 for the truck. Further investigation showed that JOHN HARTZELL had arranged for this sale. HARTZELL had facilitated securing the paperwork and temporary registration for MARINO. MARINO thought something was wrong because the truck looked much newer than what it was represented to be. This truck was examined.

It was determined that the VIN was registered to a 1973 2-wheel drive vehicle. The body was a 1979 model 4-wheel drive vehicle. The other VIN's located on the frame were welded over to conceal the true identity of the vehicle. Further investigation by the police revealed that the truck was stolen from Blakely, Lackawanna County, Pennsylvania, on December 13, 1982. When questioned on this matter, HARTZELL denied that he had any knowledge of how MARINO obtained the truck and generally gave false information to the police.

On August 23, 1984, Trooper Golden and Special Agent Thomas learned that there was an abandoned 1979 white Corvette (vehicle number 23) located in a wooded area outside of Greentown, Pike County, Pennsylvania. A visual inspection of the vehicle identification number and subsequent records check revealed that the car had been reported stolen from Whitehall Township, Lehigh County, Pennsylvania on December 17, 1982. Subsequent investigation revealed that HARTZELL had stored this Corvette in a leased garage on the property where he resides and that he had arranged to abandon the car, fearing it would be discovered. Further investigation showed that MRS. JOHN (ELEANOR WEGST) HARTZELL also knew of these facts and, along with her husband and other individuals, attempted to obtain a title in order to falsely register this vehicle and disguise the vehicle's true identity.

The State Police then told us that MRS. HARTZELL had owned a 1977 blue and white two-door Cadillac (vehicle number 65) which was reported stolen on August 11, 1983 in

Stroudsburg, Monroe County, Pennsylvania.  The investigators later found out that the vehicle was not stolen but was only reported stolen in order to collect the insurance.  Trooper Golden testified that the VIN plate from this Cadillac was removed and placed on a 1979 white two-door Cadillac (vehicle number 32) that had been stolen in New York City on January 4, 1983.  This car was later sold to THOMAS CASPER on October 5, 1983.  CASPER told Trooper Golden and Special Agent Thomas he knew that this vehicle was stolen when he purchased it.  CASPER put another false VIN plate which he obtained from salvage on this car and then resold the vehicle in January of 1984 to an unsuspecting purchaser.  The police located this vehicle and confiscated it on September 25, 1984.  CASPER also turned over the VIN plate he had removed from this vehicle (vehicle number 32) which was actually the original VIN plate from MRS. HARTZELL's car (vehicle number 65).  The investigators verified that this was the same vehicle identification number that was on the car reported stolen by MRS. HARTZELL.

Trooper Novatnak then told us that on August 21, 1984, JOHN HARTZELL was asked to drive to the PSP barracks and bring his 1975 brown and white 4-wheel drive Ford pick-up truck (vehicle number 7).  HARTZELL voluntarily complied.  The vehicle was examined and it was determined that it was actually a 1977 truck stolen from Windgap, Northampton County, Pennsylvania, on December 13, 1982.  When questioned, HARTZELL denied any knowledge of knowingly purchasing a stolen truck and further denied obtaining a false title and registration for this truck.

On September 25, 1984, a truck registered as a 1973 two-tone blue Chevrolet 4-wheel drive pick-up (vehicle number 25) was brought to the Pennsylvania State Police barracks. An examination of the vehicle revealed that it was a 1979 Chevrolet pick-up which had been reported stolen in Scranton, Lackawanna County, Pennsylvania on April 14, 1981. The possessor of this vehicle advised Trooper Novatnak that his family had acquired this vehicle from THOMAS CASPER. During an interview, CASPER admitted that he had stolen the truck with another individual, had replaced the VIN plate, and had sold it to this family. The original owner of the truck, FREDERICK DUGGAN, was also interviewed and he admitted that he had conspired to have his truck stolen so that he could collect insurance.

CASPER also admitted to having a 1980 Pontiac Phoenix (vehicle number 26) in his possession. CASPER brought the vehicle in for an examination wherein it was determined that the car had been stolen in New York City on July 27, 1982. CASPER told the police that another individual had given him the Pontiac free of charge just to get rid of it because "the heat was on."

CASPER further admitted that he had hidden a 1981 Cadillac (vehicle number 31) adjacent to his farm for another individual who had purchased it as salvage. This person had removed the VIN plate and placed it on another stolen Cadillac (vehicle number 85). This Cadillac (vehicle number 85) was sold to an individual in New Jersey where it was later

recovered by the New Jersey State Police and identified as being stolen from New York City on November 29, 1983.

CASPER told the police that he had purchased another car, a 1981 white Pontiac TransAm (vehicle number 34) from the same individual. In June, 1983, CASPER said he purchased a wrecked TransAm and used the VIN plate and title to that car to obtain a false title and registration for the stolen car. On August 11, 1983, he sold this TransAm to an unknowing purchaser while representing the car to be legitimate. This same car was confiscated in Carbondale, Lackawanna County, Pennsylvania and examined on September 24, 1984. It was determined that this car had been stolen in Edison, New Jersey, on September 21, 1982.

Trooper Golden testified that he, Trooper Novatnak and Special Agent Thomas interviewed SAMUEL DeFREHN on April 3, 1985 in the Office of Attorney General, Bureau of Criminal Investigation in Scranton. DeFREHN said that he and another individual, not now named, went to a shopping mall in Wilkes-Barre Township, Luzerne County, Pennsylvania, sometime in June of 1980 and removed his brother's 1975 Dodge truck (vehicle number 125) for purposes of insurance fraud. His brother, ALBERT DeFREHN, reported the truck stolen and made an insurance claim for which he received payment.

DeFREHN also said that in the summer of 1980, he and another individual, not now named, went to Stroud Ford in Stroudsburg, Monroe County, Pennsylvania, where they stole a dark green Ford pick-up truck (vehicle number 128). This truck

was "chopped" and some of the parts were sold to others. DeFREHN's accomplice acquired a wrecked "cab" section and took the VIN numbers from that cab and rebuilt the truck using parts from the stolen truck from Stroud Ford. A police report of the theft of this Ford pick-up truck from Stroud Ford corroborated this information provided by DeFREHN.

DeFREHN further stated that he and another individual, not now named, followed a tan colored Ford pick-up truck (vehicle number 129) to a bar or restaurant in Taylor, Lackawanna County, Pennsylvania. After the owner parked and left the truck, DeFREHN and his associate stole the truck and took it back to a wooded area in Wayne County where they hid it. The theft of this truck was verified by a police report from the Taylor Police Department which states that a Ford truck was stolen on October 24, 1979 from the same location described by DeFREHN.

DeFREHN further stated that he acquired a wrecked 2-wheel drive van with a salvage title. He acquired a front frame to a Ford 4-wheel drive truck from another individual, not now named, who had told him that the frame was stolen. DeFREHN welded (obliterated) the vehicle identification numbers on the frame in order to conceal its true identity and then attached the front section to the rear section he already had in order to build a complete 4-wheel drive van (vehicle number 16). He sold this van in its partially rebuilt condition to another individual, not now named, who knew it was constructed from stolen parts. The vehicle was further reconstructed from

a new 1982 Ford van that was stolen from a Ford dealer in Scranton, Lackawanna County, Pennsylvania on June 10, 1982. This reconstructed 1982 Ford 4-wheel drive van was titled as a 1980 van and later was recovered in Albrightsville, Carbon County, Pennsylvania, by the investigators. An examination of the van confirms DeFREHN's statements regarding this reconstruction. In fact, the dealership from which the van was stolen produced the keys that fit the doors and the ignition.

Trooper Golden testified that based upon information he received, he checked Pennsylvania Department of Transportation records and determined that a 1974 Ford pick-up truck was registered to FRANCIS and JEANNE LONERGAN under vehicle identification number F10YET05252. Trooper Novatnak had personally seen FRANCIS LONERGAN, JR. drive this truck and knew this was a 4-wheel drive pick-up truck, although the number itself represented it to be a 2-wheel drive truck. On August 21, 1984, Trooper Golden and others went to LONERGAN's residence in Lakeville, Wayne County, Pennsylvania and searched the property. There they found a front axle to a 4-wheel drive vehicle. FRANCIS LONERGAN, SR. said he and his son, FRANCIS LONGERGAN, JR., had cut up the vehicle and sold the parts knowing that it was stolen. An interview of a neighbor led to the discovery of the frame to this vehicle (vehicle number 14). The neighbor had lead the police to a field where LONERGAN and the neighbor had taken the frame. The vehicle identification number on the frame had been welded over to avoid identification. The frame itself was confiscated on March 11, 1985 by the PSP.

Trooper Novatnak then told us that he had received information that PETER HESLIN was in possession of a stolen 4-wheel drive truck (vehicle number 1). On May 30, 1984, Novatnak observed this vehicle in HESLIN's possession in Hawley, Wayne County, Pennsylvania. He made a brief exam of the truck and observed that the VIN plate was missing from the door. He confiscated and had the vehicle examined. Through a records check, it was determined that the truck was reported stolen from Clinton Township, New Jersey, on November 21, 1983. The truck was actually a 1979 Ford 4-wheel drive pick-up.

On June 12, 1984, the Pennsylvania State Police received information from a local area inspection station operator who reported an attempt by CRAIG PETRASEK to have a registered 1974 Ford truck inspected. He had indicated that the VIN plate was not properly affixed to the truck and this caused him to become suspicious. Further investigation by the State Police and OAG/BCI resulted in the location of the truck at PETRASEK's residence in Paupack Township, Wayne County. The vehicle was seized for further examination and on June 13, 1984, it was determined that the VIN plate was to a 1973 2-wheel drive vehicle. This truck, however, was actually a 1979 4-wheel drive (vehicle number 2). The vehicle was traced by police report to being one stolen in April 1984, from Stroudsburg, Monroe County, Pennsylvania. When questioned about the truck by the investigators, PETRASEK indicated that he had purchased it legitimately from some person in New Jersey. However, on February 4, 1985, PETRASEK appeared before the Grand Jury and

admitted that he lied to the investigators and actually had received the vehicle in Pennsylvania from another individual, not now named, who told him that it was stolen.

Trooper Golden received information which resulted in an examination of a vehicle on November 8, 1984 that was in the custody of OTTO BERNHARDT. The vehicle identification numbers revealed that the vehicle was a 1979 tan and brown Chevrolet 4-wheel drive pick-up truck (vehicle number 37). This vehicle had been stolen in Pittston Township, Luzerne County, Pennsylvania, on September 18, 1979. BERNHARDT admitted that he had knowingly purchased a stolen vehicle from another individual, not now named.

Trooper Golden also testified that he had received information that RANCE PETTINGILL had been driving a 4-wheel drive Chevrolet pick-up truck (vehicle number 40) that was registered as a 1974 model. After a series of interviews, PETTINGILL admitted that he had taken his 1974 Chevrolet 2-wheel drive vehicle to THOMAS OLDRING who returned to him a newer model 4-wheel drive vehicle. PETTINGILL told the investigators he knew the vehicle OLDRING had given him was stolen. The vehicle was confiscated at PETTINGILL's residence in Palmyra Township, Pike County, Pennsylvania. An examination of the truck revealed that it was actually a 1982 Chevrolet pick-up truck which had been stolen from Goshen Village, New York, on October 23, 1982.

Further interviews with other people revealed that THOMAS OLDRING had in his possession a 1972 Brown trailer

(vehicle number 62) that had been stolen from Agway, Inc., Middletown, New York on May 31, 1983. An employee of the truck stop at Twin Rocks, Salem Township, Wayne County, Pennsylvania, told the investigators that he saw OLDRING selling various Agway ride-on lawn mowers from the trailer at the truck stop. The trailer was later moved to a place behind OLDRING's former residence in Sterling Township, Wayne County, Pennsylvania. Nearby residents stated that they not only knew that OLDRING had possession of the trailer, but that they had actually purchased the wheels and axles to the trailer from him.

ROBERT LEONARD LOBACH was interviewed at the Pennsylvania State Police barracks on January 28, 1985. He admitted that he and another individual, not now named, had arranged to receive a Chevrolet S-10 4x4 pick-up truck (vehicle number 81) from S. CAROL SMITH, LOBACH's former girlfriend. He and his associate took the vehicle and dismantled it. He then drove SMITH to North Wildwood, New Jersey, where she reported the truck stolen. A police record check confirms that SMITH reported the vehicle stolen to the North Wildwood Police Department on August 7, 1983. The "cab" to the vehicle was found abandoned in New Foundland, Dreher Township, Wayne County, Pennsylvania, by the investigators on March 11, 1985. LOBACH told the investigators that this cab was the same one that had been dismantled.

Further investigation revealed that LOBACH had also purchased a stolen 4-wheel drive Ford truck (vehicle number 53) from two other unnamed individuals. This vehicle was

confiscated on April 10, 1984 in Horsham Township, Montgomery County, Pennsylvania. On January 28, 1985, during an interview with LOBACH, he admitted that he had purchased this vehicle knowing it was stolen. An examination revealed that it had been stolen in Stroudsburg, Monroe County, Pennsylvania, on September 30, 1981.

Trooper Golden and Special Agent Thomas interviewed ROBERT WEST on March 9, 1985. WEST related that he had conspired with other individuals to commit insurance fraud. WEST stated that he drove his black Ford 4-wheel drive pick-up (vehicle number 99) to the Viewmont Shopping Mall in Scranton, Lackawanna County, Pennsylvania, where an associate would arrange to steal it. WEST had given him a key to the truck and it was taken as pre-arranged. WEST then called the police and reported it stolen. He ultimately collected the insurance. WEST's truck was painted, new VIN plates attached, and it was retitled as another vehicle (vehicle number 61). The truck passed through several hands and was later traded in at Gilboy Ford in Whitehall, Pennsylvania in December, 1982. The truck was sold and traced to unsuspecting purchasers. It was confiscated and identified as the one stolen from the Viewmont Mall in Scranton on April 12, 1982.

JOHN RICHARD ALLEN, JR. was interviewed by Pennsylvania State Police Trooper Charles Confer on November 2, 1984. ALLEN had a 1983 Chevrolet S-10, 4-wheel drive pick-up truck (vehicle number 54) registered in his name. ALLEN admitted that he had purchased this truck from another individual, now now named,

knowing that it was stolen. He had learned that the truck had been given up for an insurance fraud. This truck was confiscated and it was identified as one that had been reported stolen in Stroudsburg, Monroe County, Pennsylvania, on October 26, 1983.

Special Agent Thomas received information that STEPHEN ROMANSKY had possession of a stolen green and white Ford Bronco. After checking official Pennsylvania Department of Transportation records, it was determined that the purported 1979 Ford 4-wheel drive Bronco (vehicle number 27) was using a VIN for a 1974 Ford Pinto station wagon. The title records revealed that ROMANSKY had been issued a special state replacement vehicle identification number plate for this vehicle based upon title work submitted to the department. Pennsylvania State Police troopers observed this vehicle which obviously appeared to be a Bronco rather than a Pinto station wagon. Based upon this information, a search warrant was obtained and the vehicle was seized at ROMANSKY's residence on August 28, 1984 in Sterling, Pike County, Pennsylvania. An examination revealed that this Ford Bronco was reported stolen January 7, 1981 in Mount Pocono, Monroe County, Pennsylvania. Further investigation revealed that the Pinto VIN came from a vehicle given to THOMAS SMITHERS, former owner of the Happy Hooker garage, Mount Pocono, Monroe County, Pennsylvania. THOMAS SMITHERS is a part-time police officer in Mount Pocono, Barrett Township, Monroe County, Pennsylvania. Records show that this vehicle had been inspected at SMITHERs' garage when

the Pinto VIN was on the Bronco. Furthermore, the investigators learned through other investigation that SMITHERS suspected that the vehicle was stolen when it was inspected.

On August 28, 1984, while serving the search warrant at ROMANSKY's address, the Pennsylvania State Police observed a blue Pontiac Firebird having a vehicle identification number 2U87T2N527826 (vehicle number 28). They also noted that the vehicle had a special, hatch-type roof. Pennsylvania Department of Transportation records showed that the vehicle belonged to FRANCES ROMANSKY. It was listed in the records as a 1972 Pontiac. On September 1, 1984, Officer David Swiderski, Mount Pocono Police Department, seized this Pontiac from OTTO STRANAK. STRANAK told this Grand Jury on February 4, 1985 that ROMANSKY had loaned him this car sometime in August of 1984. STRANAK had driven this car to SMITHERS' Mount Pocono garage where SMITHERS told him that the car was "hot" and to get off his property because the police were watching him. The Mount Pocono Police seized this car from STRANAK three days later. An examination of the car by the police revealed that the vehicle was a 1977 Pontiac TransAm that had been reported stolen in Mount Pocono on September 27, 1983. Officer Swiderski locked this vehicle in the Mount Pocono police garage. Later that evening, the garage was broken into and the vehicle was stolen.

FRANCES ROMANSKY appeared before this Grand Jury on February 4, 1985 and stated that she was the owner of this Pontiac, that it was a 1972 Pontiac, and that she had purchased

it from a dealer in 1973.

STRANAK also told this Grand Jury that he had a conversation with SMITHERS about two weeks before his Grand Jury appearance. SMITHERS threatened STRANAK that if he took the witness stand and testified, he would "hold a gun to his head."

As a further result of the examination of the inspection records of SMITHERS, it was determined that STEPHEN ROMANSKY had a truck inspected on October 1, 1982 that was identified as a 1978 Chevrolet, vehicle identification number K1546T136444. The records also showed that a year prior to that time, the truck had been inspected but was listed then as a 1979 model. Trooper Novatnak interviewed SMITHERS on October 4, 1984. SMITHERS admitted that he knew that this truck was probably stolen. The investigators contacted Special Agent Fuller who traced the VIN and told them that the VIN was for a 1966 Chevrolet truck (vehicle number 36). The vehicle was seized pursuant to search warrant on October 5, 1984 at ROMANSKY's residence in Pike County. On October 11, 1984, the truck was examined and it was determined that it was not a Chevrolet truck, but a 1977 GMC truck that had been reported stolen April 28, 1981 from Mount Pocono, Barrett Township, Monroe County, Pennsylvania.

## CONCLUSION

The Grand Jury has heard a great deal of evidence regarding these vehicles. This interim presentment is being

issued to permit the timely prosecution of these people while still continuing the statewide investigation of those not yet named.

Pursuant to findings made by this Grand Jury as a result of evidence already received, this Grand Jury recommends that the attorney for the Commonwealth file criminal charges against the following individuals, including, but not limited to the listed offenses.

**EDWARD J. ARANCIO**
Receiving Stolen Property, 18 Pa.C.S.A. § 3925
Conspiracy, 18 Pa.C.S.A. § 903
Dealing in Vehicles with Removed or Falsified Numbers,
    75 Pa.C.S.A § 7103(b)

**JOHN E. HARTZELL**
Corrupt Organizations, 18 Pa.C.S.A. § 911(b)(4)
Receiving Stolen Property, 18 Pa.C.S.A. § 3925
Conspiracy, 18 Pa.C.S.A. § 903
Solicitation, 18 Pa.C.S.A. § 902
Forgery, 18 Pa.C.S.A. § 4101(2)
Removal or Falsification of Identification Number,
    75 Pa.C.S.A. § 7102
Theft by Deception, 18 Pa.C.S.A. § 3922
Dealing in Vehicles with Removed or Falsified Numbers,
    75 Pa.C.S.A. § 7103(b)
Dealing in Titles and Plates for Stolen Vehicles,
    75 Pa.C.S.A. § 7111
False Application for Certificate of Title or
    Registration, 75 Pa.C.S.A. § 7121

**ELEANOR WEGST HARTZELL**
Corrupt Organizations, 18 Pa.C.S.A. § 911(b)(4)
Receiving Stolen Property, 18 Pa.C.S.A. § 3925
Theft by Deception, 18 Pa.C.S.A. § 3922
Conspiracy, 18 Pa.C.S.A. § 903
False Report of Theft or Conversion of Vehicle,
    75 Pa.C.S.A. § 7112
Dealing in Titles and Plates for Stolen Vehicles,
    75 Pa.C.S.A. § 7111
False Application for Certificate of Title or
    Registration, 75 Pa.C.S.A. § 7121

JOHN R. ALLEN
Corrupt Organizations, 18 Pa.C.S.A. § 911(b)(4)
Receiving Stolen Property, 18 Pa.C.S.A. § 3925
Conspiracy, 18 Pa.C.S.A. § 903
Removal or Falsification of Identification Numbers,
    75 Pa.C.S.A. § 7102(b)
Dealing in Vehicles with Removed or Falsified Numbers,
    75 Pa.C.S.A. § 7103(b)
Dealing in Titles and Plates for Stolen Vehicles,
    75 Pa.C.S.A. § 7111
False Application for Certificate of Title or
    Registration, 75 Pa.C.S.A. § 7121

THOMAS L. CASPER
Corrupt Organizations, 18 Pa.C.S.A. § 911(b)(4)
Theft by Deception, 18 Pa.C.S.A. § 3922
Receiving Stolen Property, 18 Pa.C.S.A. § 3925
Conspiracy, 18 Pa.C.S.A. § 903
Removal or Falsification of Identification Numbers,
    75 Pa.C.S.A. § 7102(b)
Dealing in Vehicles with Removed or Falsified Numbers,
    75 Pa.C.S.A. § 7103(b)
Dealing in Titles and Plates for Stolen Vehicles,
    75 Pa.C.S.A. § 7111
False Application for Certificate of Title or
    Registration, 75 Pa.C.S. § 7121

SAMUEL T. DeFREHN
Corrupt Organizations, 18 Pa.C.S.A. § 911(b)(4)
Theft by Deception, 18 Pa.C.S.A. § 3922
Theft by Unlawful Taking or Disposition, 18 Pa.C.S.A.
    § 3921(a)
Receiving Stolen Property, 18 Pa.C.S.A. § 3925
Conspiracy, 18 Pa.C.S.A. § 903
Removal or Falsification of Identification Numbers,
    75 Pa.C.S.A. § 7102(b)
Dealing in Vehicles with Removed or Falsified Numbers,
    75 Pa.C.S.A. § 7103(b)
Dealing in Titles and Plates for Stolen Vehicles,
    75 Pa.C.S.A. § 7111
Altered, Forged or Counterfeit Documents and Plates,
    75 Pa.C.S.A. § 7122(3)

ALBERT J. DeFREHN, JR.
Corrupt Organizations, 18 Pa.C.S.A. § 911(b)(4)
Theft by Deception, 18 Pa.C.S.A. § 3922
Conspiracy, 18 Pa.C.S.A. § 903
False Report of Theft or Conversion of Vehicle,
    75 Pa.C.S.A. § 7112

**FREDERICK J. DUGGAN**
Corrupt Organizations, 18 Pa.C.S.A. § 911(b)(4)
Theft by Deception, 18 Pa.C.S.A. § 3922
Conspiracy, 18 Pa.C.S.A. § 903
False Report of Theft or Conversion of Vehicle,
    75 Pa.C.S.A. § 7112

**FRANCIS LONERGAN, JR.**
Corrupt Organizations, 18 Pa.C.S.A. § 911(b)(4)
Receiving Stolen Property, 18 Pa.C.S.A. § 3925
Conspiracy, 18 Pa.C.S.A. § 903
Hindering Apprehension or Prosecution, 18 Pa.C.S.A.
    § 5105(a)(3)
Hindering Apprehension or Prosecution, 18 Pa.C.S.A.
    § 5105(a)(5)
Removal or Falsification of Identification Numbers,
    75 Pa.C.S.A. § 7102(b)
Dealing in Vehicles with Removed or Falsified Numbers,
    75 Pa.C.S.A. § 7103(b)
Dealing in Titles and Plates for Stolen Vehicles,
    75 Pa.C.S.A. § 7111
False Application for Certificate of Title or
    Registration, 75 Pa.C.S.A. § 7121

**FRANCIS LONERGAN, SR.**
Corrupt Organizations, 18 Pa.C.S.A. § 911(b)(4)
Receiving Stolen Property, 18 Pa.C.S.A. § 3925
Conspiracy, 18 Pa.C.S.A. § 903
Hindering Apprehension or Prosecution, 18 Pa.C.S.A.
    § 5105(a)(3)
Hindering Apprehension or Prosecution, 18 Pa.C.S.A.
    § 5105(a)(5)
Removal or Falsification of Identification Numbers,
    75 Pa.C.S.A. § 7102(b)
Dealing in Vehicles with Removed or Falsified Numbers,
    75 Pa.C.S.A. § 7103(b)
Dealing in Titles and Plates for Stolen Vehicles,
    75 Pa.C.S.A. § 7111
False Application for Certificate of Title or
    Registration, 75 Pa.C.S.A. § 7121

**ROBERT LEONARD LOBACH**
Corrupt Organizations, 18 Pa.C.S.A. § 911(b)(4)
Receiving Stolen Property, 18 Pa.C.S.A. § 3925
Conspiracy, 18 Pa.C.S.A. § 903
Removal or Falsification of Identification Numbers,
    75 Pa.C.S.A. § 7102(b)
Dealing in Vehicles with Removed or Falsified Numbers,
    75 Pa.C.S.A. § 7103(b)
Dealing in Titles and Plates for Stolen Vehicles,
    75 Pa.C.S.A. § 7111

**S. CAROL SMITH**
Theft by Deception, 18 Pa.C.S.A. § 3922
Conspiracy, 18 Pa.C.S.A. § 903

**ROBERT J. WEST**
Corrupt Organizations, 18 Pa.C.S.A. § 911(b)(4)
Theft by Deception, 18 Pa.C.S.A. § 3922
Conspiracy, 18 Pa.C.S.A. § 903
False Reports of Theft or Conversion of Vehicle,
    75 Pa.C.S.A. § 7112

**PETER R. HESLIN**
Corrupt Organizations, 18 Pa.C.S.A. § 911(b)(4)
Receiving Stolen Property, 18 Pa.C.S.A. § 3925
Removal or Falsification of Identification Numbers,
    75 Pa.C.S.A. § 7102(b)
Dealing in Vehicles with Removed or Falsified Numbers,
    75 Pa.C.S.A. § 7103(b)
Dealing in Titles and Plates for Stolen Vehicles,
    75 Pa.C.S.A. § 7111
False Application for Certificate of Title or
    Registration, 75 Pa.C.S.A. § 7121

**CRAIG J. PETRASEK**
Corrupt Organizations, 18 Pa.C.S.A. § 911(b)(4)
Receiving Stolen Property, 18 Pa.C.S.A. § 3925
Conspiracy, 18 Pa.C.S.A. § 903
Removal or Falsification of Identification Numbers,
    75 Pa.C.S.A. § 7102(b)
Dealing in Vehicles with Removed or Falsified Numbers,
    75 Pa.C.S.A. § 7103(b)
Dealing in Titles and Plates for Stolen Vehicles,
    75 Pa.C.S.A. § 7111
Altered, Forged or Counterfeit Documents and Plates,
    75 Pa.C.S.A. § 7122(3)

**OTTO G. BERNHARDT**
Receiving Stolen Property, 18 Pa.C.S.A. § 3925
Conspiracy, 18 Pa.C.S.A. § 903
Removal or Falsification of Identification Numbers,
    75 Pa.C.S.A. § 7102(b)
Dealing in Vehicles with Removed or Falsified Numbers,
    75 Pa.C.S.A. § 7103(b)

**RANCE E. PETTINGILL**
Corrupt Organizations, 18 Pa.C.S.A. § 911(b)(4)
Receiving Stolen Property, 18 Pa.C.S.A. § 3925
Conspiracy, 18 Pa.C.S.A. § 911
Dealing in Vehicles with Removed or Falsified Numbers,
    75 Pa.C.S.A. § 7103(b)
False Application for Certificate of Title or
    Registration, 75 Pa.C.S.A. § 7121

**THOMAS M. OLDRING**
Corrupt Organizations, 18 Pa.C.S.A. § 911(b)(4)
Receiving Stolen Property, 18 Pa.C.S.A. § 3925
Conspiracy, 18 Pa.C.S.A. § 903
Dealing in Vehicles with Removed or Falsified Numbers,
75 Pa.C.S.A. § 7103(b)
False Application for Certificate of Title or
 Registration, 75 Pa.C.S.A. § 7121

**THOMAS E. SMITHERS**
Receiving Stolen Property, 18 Pa.C.S.A. § 3925
Conspiracy, 18 Pa.C.S.A. § 903
Obstruction of the Administration of Law,
 18 Pa.C.S.A. § 5101
Intimidation of Witnesses or Victims,
 18 Pa.C.S.A. § 4952(a)(1)
Removal or Falsification of Identification Numbers,
 75 Pa.C.S.A. § 7102(b)
Dealing in Vehicles with Removed or Falsified Numbers,
 75 Pa.C.S.A. § 7103(b)
Dealing in Titles and Plates for Stolen Vehicles,
 75 Pa.C.S.A. § 7111
False Application for Certificate of Title or
 Registration, 75 Pa.C.S.A. § 7121

**FRANCES E. ROMANSKY**
Receiving Stolen Property, 18 Pa.C.S.A. § 3925
Conspiracy, 18 Pa.C.S.A. § 903
Removal or Falsification of Identification Numbers,
 75 Pa.C.S.A. § 7102(b)
Dealing in Vehicles with Removed or Falsified Numbers,
 75 Pa.C.S.A. § 7103(b)
Dealing in Titles and Plates for Stolen Vehicles,
 75 Pa.C.S.A. § 7111
False Application for Certificate of Title or
 Registration, 75 Pa.C.S.A. § 7121

**STEVEN L. ROMANSKY**
Receiving Stolen Property, 18 Pa.C.S.A. § 3925
Conspiracy, 18 Pa.C.S.A. § 903
Removal or Falsification of Identification Numbers,
 75 Pa.C.S.A. § 7102(b)
Dealing in Vehicles with Removed or Falsified Numbers,
 75 Pa.C.S.A. § 7103(b)
Dealing in Titles and Plates for Stolen Vehicles,
 75 Pa.C.S.A. § 7111
False Application for Certificate of Title or
 Registration, 75 Pa.C.S.A. § 7121