IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN L. ROMANSKY,            :    Civil No. 1: CV-00-1520
  Petitioner                   :    (Judge Rambo)
v.                             :
CONNER BLAINE, JR.,            :
  Respondent.                  :    Notice of Appeal

    Notice is hereby given that Steven L. Romansky, Petitioner in the above named case, hereby appeals to the United States Court of Appeals for the Third Circuit from an Order entered in this action on the 27th day of March, 2008.

Steven L. Romansky
175 Progress Drive
Waynesburg, PA 15370-8080

Dated: April 11, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN L. ROMANSKY, | Civil No. 1: CV-00-1520 |
| Petitioner | (Judge Rambo) |
| v. | Petitioner's Application For Certificate of Appealability From The District Court, And Statement of Reasons In Support. |
| CONNER BLAINE, JR., | |
| Respondent. | |

## INTRODUCTION

Pursuant to Title 28 of the United States Code Annotated section 2253; Rule 22 of the Federal Rules of Appellate Procedure; and Third Circuit Local Appellate Rule 3.4. Petitioner Steven L. Romansky (hereafter "Petitioner") hereby requests that the U.S. District Court issue a Certificate of Appealability (hereafter "COA"), permitting Petitioner to appeal from the judgment entered by the Honorable Sylvia H. Rambo, United States District Judge, on March 27, 2008, denying and dismissing with prejudice the petition for writ of habeas corpus in the above-entitled matter. Concurrently with this Application for COA, Petitioner has filed a timely Notice of Appeal.

ISSUES ON WHICH CERTIFICATE OF APPEALABILITY IS SOUGHT

### Issue #1

Whether Petitioner was denied his Fifth, Sixth and Fourteenth Amendment rights when the Commonwealth violated the statutory provisions of Title 18 Pa. C.S.A. section 5704(2)(ii).

### Issue #2

Whether Petitioner was denied his Fifth, Sixth and Fourteenth Amendment rights under Massiah and its progeny when the Commonwealth surreptitiously recorded trial strategy via radio transmitter placed on co-defendant after the right to counsel had attached.

### Issue #3

Whether Petitioner was denied his Fifth, Sixth and Fourteenth Amendment rights under Brady and its progeny when the Commonwealth failed to provide him with the surreptitious recordings and exculpatory evidence contained within.

## LEGAL STANDARD FOR ISSUANCE OF COA

In the U.S. Supreme Court decision in <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 123 S.Ct. 1029 (2003), the Court clarified the standards for issuance of a COA:

> ... A prisoner seeking a COA need only demonstrate a "substantial showing of the denial of a constitutional right". A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.

<u>Id.</u>, 123 S.Ct. at 1034, citing <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). Reduced to its essentials, the test is met where the petitioner makes a showing that "the petition should have been resolved in a different matter or that the issues presented were 'adequate to deserve encouragement to proceed further.'" <u>Id.</u>, at 1039, citing <u>Barefoot v. Estelle</u>, 463 U.S. 880 (1983). This means that the petitioner does not have to prove that the district court was necessarily "wrong" — just that its resolution of the constitutional claim is "debatable":

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the

-3-

case has received full consideration, that petitioner will not prevail. As we stated in Slack, where a district court has rejected the constitutional claims on the merits, the showing required to satisfy section 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district courts' assessment of the constitutional claims debatable or wrong.

For the reasons stated below, the issues on which Petitioner seeks a CoA are at least debatable among jurists of reason. Hence, and even though this courts' decision might ultimately be affirmed on appeal, Petitioner is entitled to a CoA on the issues set forth above.

STATEMENT OF REASONS FOR ISSUANCE OF COA

Before addressing the issues a preliminary matter must be addressed. Because of the complex procedural facts underlying this appeal as gleaned from the District Court's Memorandum its clear that the Court adjudicated the "wrong" PCRA. In the Courts' conclusion the Court stated: "Romansky has failed to establish that United States Supreme Court precedent requires a contrary outcome to that reached in state court regarding his claims before this Court". Had the District Court reviewed the correct PCRA it would know that the state courts did not address any of the above stated issues and therefore reached no decision and thus cannot be adjudicated under 28 U.S.C.A. section 2254(d)(1) or (2).

Procedural Facts: On March 7, 2002, the Third Circuit Court of Appeals issued an order compelling Respondent to provide Petitioner with the long sought after audiotapes, and staid proceedings while Petitioner filed his second state PCRA predicated upon the audiotapes with the trial court of Wayne County, and on April 17, 2002, Petitioner filed a timely second PCRA, which the PCRA court denied claiming a lack of jurisdiction. Superior Court affirmed on March 24, 2003. Commonwealth v. Romansky, 823 A.2d 1029 (Pa. Super. 2003), and the Pennsylvania Supreme Court denied allocatur on August 26, 2003, Commonwealth v. Romansky, 830 A.2d 975 (Pa. 2003).

On January 6, 2005, finding the state jurisdictional issue to be erroneous the Third Circuit Court of Appeals issued an order stating that Petitioner has now established jurisdiction and summarily remanded to the District Court for Petitioner to supplement the record with additional claims based upon the audiotape evidence, which was filed on September 6, 2005. Therefore, the issues now before the Court, predicated upon the audiotape evidence have never been adjudicate in whole or in part in any state court, and has yet to be addressed by the District Court based upon the audiotape evidence which Petitioner has now transcribed and has been entered in the District Court Docket as Document #46, Exhibit A through E. Based upon the above stated facts it is self-evident that the District Court did not address the new evidence in this case, assumed that the state courts did, and reviewed the "wrong" PCRA. Therefore, it cannot be denied that the Court's findings are clearly erroneous requiring the grant of a COA.

Rebuttal to District Court Memorandum

1.

Petitioner was denied his Fifth, Sixth and Fourteenth Amendment rights when the Commonwealth violated the statutory provisions of Title 18 Pa. C.S.A. section 5704(2)(ii).

The focus and purpose of the Wiretapping and Electronic Surveillance Control Act is protection of privacy. 18 Pa. C.S.A. section 5701 et seq. And because Deputy Attorney General, Gregory B. Abeln, the same prosecuting attorney who allowed the perjury in both of Petitioner's trials to go uncorrected was also the same attorney who autorized the interception without ensuring that the consent of Mr. Smithers - the same man who was indicted for the Bronco in this case - was voluntary did indeed violate 18 Pa. C.S.A. section 5704(2)(ii) as is evident after a review of Document 46, Exhibit A at page(s) 1, 54, 55, 128 and 129 of the handwritten transcript of the audiotapes.

Because it cannot be denied that the Act was indeed violated in light of the new evidence - handwritten transcript - which the District Court did not consider the question to be addressed is: Did Petitioner have a constitutionally protected right to privacy while discussing his trial strategy with his codefendent after they were both indicted without the prosecution eavesdroping? This issue can only be evaluated pursuant to Supreme Court precedent, Katz v. United States, 389 U.S. 347, 88 S. Ct. 507, 19 L. Ed. 2d 576 (1967), a case which the District Court did not apply. Thus, necessitating the

6

grant of a COA.

2.

Petitioner was denied his Fifth, Sixth and Fourteenth Amendment rights under Massiah and its progeny when the Commonwealth surreptitiously recorded trial strategy via radio transmitter placed on co-defendent after the right to counsel had attached.

In this issue the District Court summarily denied stating: "While Romansky was facing adversarial judicial action in Pike County at the time, the Sixth Amendment, being offense-specific, did not automatically attach to the prosecution involing the Wayne County activity until Romansky was formally charged - an event which occurred after the electronic recording." Memorandum at 15.

Although this is the general rule, the Supreme Court has established a limited exception to the "offense specific" rule: Brewer v. Williams, 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed. 2d 424 (1977), and Main v. Moulton, 474 U.S. 159, 106 S.Ct. 477, 88 L.Ed. 2d 481 (1985). See also, Alston v. Redman, 34 F.3d 1237 (3d Cir. 1994) and United States v. Arnold, 106 F.3d 37 (3d Cir. 1997). Relying on Brewer and Moulton, many courts have held that once the right to counsel attaches with respect to a charged offense, it carries over to "closely related" but uncharged crimes. The reasoning underlying this exception is consistent with the purposes and protections of the Sixth Amendment. When the pending charge is "so

7

inextricable intertwined" with the charge under investigation. "the right to counsel for the pending charge cannot constitutionally be isolated from the right to counsel for the uncharged offense." Hines, 963 F.2d at 257; see also Cooper, 949 F.2d at 743. "[T]o hold otherwise[] would allow the [government] to circumvent the Sixth Amendment right to counsel merely by charging a defendant with additional related crimes" after questioning him without counsel present. In re Pack, 616 A.2d at 1011. Arnold, 106 F.3d at 40-41.

In light of the fact that "all" of the charges in both trials stem from the very same "1979 Ford Bronco" the charges could not be any more inextricable intertwined, and now with the new evidence in this case - Document # 46 Exhibit D and A - which the District Court did not consider there can no longer be any doubt that Mr. Smithers was in controle of this Bronco, and is indeed the guilty of all the charges. Thus, necessitating the grant of a COA.

### 3.

Petitioner was denied his Fifth, Sixth and Fourteenth Amendment right under Brady and its progeny when the Commonwealth failed to provide him with the surreptitious recordings and exculpatory evidence contained within.

To deny this issue the District Court relied upon a Pennsylvania Superior Court opinion dated December 17, 1999 at No. 1538 EDA 1999. <u>Commonwealth v. Romansky</u>, 750 A.2d 374

(Pa. Super. 1999). District Court Document #8 at 106, Memorandum at 18-19. Another clear indication that the District Court reviewed the "wrong" PCRA, in light of the fact that the Third Circuit Court of Appeals did not compel the Commonwealth to provide Petitioner with the audiotapes in question until March 7, 2002, it would not be possible for the state court to adjudicate a case three years before the evidence was made available.

Because the District Court did not adjudicate this case in light of the new evidence, Document #46, Exhibit A through E, there can be no doubt that the Court's decision is in plain error and contrary to Supreme Court precedent. Kyles v. Whitley, 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995) citing Brady and holding that evidence that government failed to disclose to defendant is considered collectively, not item-by-item in determining whether materiality requirement of Brady violation has been satisfied. 419 U.S. at 436, 115 S.Ct. at 1567. Therefore, because the District Court never applied Kyles to the new evidence, Document #46, Exhibit A through E in this case and in fact reviewed the wrong PCRA its findings are clearly erroneous requiring the grant of a COA.

Compare DiLosa v. Cain, 279 F.3d 259, 263 (5th Cir. 2002), holding that Brady claims involve a mixed question of law and fact and should be considered as a whole, not item-by-item, citing Kyles, and Banks v. Drethe, 124 S.Ct. 1256, 1276 (2004), holding Kyles to be the touchstone on materiality, and standard for Brady claims

9

CONCLUSION

The issues discussed above are, at the very least, debatable among jurists of reason. Hence, it is respectfully requested that this Court grant a Certificate of Appealability on the issues identified at the outset of this application.

Respectfully submitted,

Steven L. Romansky
175 Progress Drive
Waynesburg, PA 15370-8090

Dated: April 11, 2008

10

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN L. ROMANSKY,           :    Civil No. 1: CV-00-1520
          Petitioner          :
                              :    (Judge Rambo)
     v.                       :
                              :
CONNER BLAINE, JR.,           :
          Respondent.         :

CERTIFICATE OF SERVICE

I hereby certify that I am this day serving one copy of the foregoing Notice of Appeal and Certificate of Appealability upon the person and in the manner indicated below.

Service by first class mail addressed as follows:

Andrea F. Mckenna, Esq.
16th Floor, Strawberry Square
Harrisburg, PA 17120

Steven L. Romansky
175 Progress Drive
Waynesburg, PA 15370-8090

Dated: April 11, 2008

Steve Romansky AY-8324
175 Progress Drive
Waynesburg, PA 15370-8090
April 11, 2008

Office of the Clerk
United States District Court
United States Courthouse
228 Walnut Street
P.O. Box 983
Harrisburg, PA 17108

Re:    Romansky v. Conner Blaine, Jr., 1:00-cv-01520

Dear Clerk:

Enclosed for filing in the above-captioned case you will find four (4) handwritten copies of Petitioner's Notice of Appeal, Certificate of Appealability and Certificate of Service. Thank you for your attention and cooperation.

Sincerely

Steve Romansky


c: Andrea F. McKenna, Esq.

